Gibney v. Crawford.

## GIBNEY V. CRAWFORD.

1. COUNTY WARRANTS: *Order calling in: Notice, etc.*

In proceedings for calling in county warrants, the statutory authority under which the county court acts must be strictly pursued; and unless notice of the order making the call is given and proved in the manner prescribed by the statute, the order is a nullity as to all warrants not presented in obedience to the call.

2. SAME: *Same: Proof of publication.*

An affidavit as to the publication of an order calling in county warrants, in which the affiant fails to state he is the editor, proprietor, publisher or principal accountant of the newspaper in which such order was published, or that the paper was a daily or weekly and had a *bona fide* circulation in the county and had been published therein for one month before the first publication of the order, or how long it was published, the number of insertions, or the length of time between the last insertion and the time fixed for the presentation of the warrants, is a nullity and cannot be received as evidence of the publication which the statute requires. [Mansf. Dig., secs. 1148, 4359.]

3. SAME: *Same: Posting notice.*

Under the statute (Mansf. Dig., sec. 1148) requiring the sheriff to give notice of an order calling in county warrants, by posting copies of the order at the court-house door and the election precincts, it is the duty of the sheriff to make a written return, setting out the manner in which he has given such notice; and the testimony of a witness that he was the sheriff's deputy when the order was made, and put up copies of the same at some of the places prescribed by law and that the sheriff, who was not then living, had presented to the county court an account charging for his services in giving notice that county warrants had been called in, is not sufficient to show that such notice was posted as the law requires.

APPEAL from *Clark* Circuit Court.

H. C. BUNN, Sp. Judge.

*J. L. Witherspoon*, for appellant.

1. The burden of proof to show that the judgment of the county court was void, was on the appellee. Mansf. Dig., secs., 2870–1; 38 Ark., 157. In the absence of proof to the contrary, the county court, a court of superior jurisdiction, will be presumed to have acted upon sufficient facts to maintain its action. 38 Ark., 157; 11 Id., 519. See also Freeman on Judgments, sec. 124, 3d Ed.; Ib., sec. 132; 28 Fed. Rep., 409; 8 N. W. Rep., 266; 8 N. E. Rep., 269; 2 S. W. Rep., 102; 31 Ark., 74.

2. But if the burden was on appellant, the court erred in excluding the evidence offered by him. The presumption is that the sheriff made a proper return. 18 Ark., 469; 11 Id., 349. The proof of publication shows that it was *duly* published as required by law. Newman Pl. and Pr., p. 261; Myers' Code, p. 436, note A; 43 Ark., 232.

The proof by the Gazette was a substantial compliance with the statute. 37 Ark., 660; and the affidavits of the sheriff and his deputy were the best evidence procurable. 11 Ark., 525; Hempst. C. C., 6.

3. It must affirmatively appear on the record that the court *had not* jurisdiction. 1 Sawy., 319; 16 Wall., 352. As to conclusiveness of such judgments, see 10 Pet., 449; 2 Wall., 328, 349. See also, 3 Otto, 274.

*Crawford & Crawford*, for appellees.

The burden was on appellant. The answer admits all the material averments of the complaint, but sets up an affirmative defence in confession and avoidance. This shifts the

Gibney v. Crawford.

burden.   7 Ark., 42; 31 Id., 104; 19 N. W., 970; 16 Neb., 21.   See also, 48 Ark., 426.

2. If a proceeding, even in a superior court, is contrary to the usual course of the common law in the exercise of a special statutory and extraordinary power, there is, in the absence of any recital in the record to that effect, no presumption that the court had jurisdiction of the defendant, and every requirement of the statute to give the court jurisdiction must be strictly complied with.   And it should appear from the record that the court had jurisdiction.   If it is silent upon the jurisdictional facts, it will not be permissible to introduce evidence *dehors the record* to prove that the court had jurisdiction.   5 Wend., 148; Freeman on Judgments, secs. 123, 124, 127; Hawes on Jurisdiction, sec. 8; Ib., sec. 234; Newman Pl. and Pr., p. 55–6; Bigelow on Estop., p. 198–9; Ib., 199, 200; Wells on Jurisdiction, p. 28; 2 Am. Lead. Cases, 633; 1 Smith's L. C., Pt. 1, p. 1127, 8th Ed.; 13 Wis., 575; 27 Id., 563; 33 N. W., 560; 18 Wall., 350; 53 Cal., 639; 25 N. H., 302; 5 Haywood (Tenn.), 294; 4 McLean, 221; 3 Humph. (Tenn.), 313; 26 Ill., 286; 27 Ala., 663; 25 N. J. Law, 554; 83 Ill., 188; 60 Mo., 585; 11 Wend., 648; 6 Wheat, 119; 9 How., U. S. 350; 17 Fed. Rep., 876; 122 U. S., 556; Cowp. Rep., 26; 3 Perry & Davidson, 208; 10 Fed. Rep., 892.

3. Parol evidence is not allowable to prove facts which should appear of record.   10 Fed. Rep., 892; 2 N. W., 472; 9 Neb., 191; 4 N. W. Rep., 933; 10 Neb. 109; 4 Sawy., 644; 65 Me., 559; 18 Ill., 551; 58 Ind., 316; 10 Nev., 370; 41 Mo., 400; 46 Iowa, 68; 97 Mass., 538; 13 How. Pr., 43; 60 Ill., 329; 26 Ala., 39; 28 Gratt., 879; 32 Barb., 605; 34 Id., 95; 14 Mich., 533; 17 Abb., 66; 73 Ala., 86; 4 Col., 416.   Our own court sustains this view:

Gibney v. Crawford.

11 Ark., 130; 25 Id., 60; 2 S. W., 707;    48 Ark., 151; 2 S. W., 847; S. C., 48 Ark., 238.

4. The court had no authority to direct where the notice should be published.   That is provided by law.   Mansfield's Dig. secs. 4357, 1148; Act July 14, 1868, p. 42.

The affidavit of Clark does not comply with secs. 4356–7, Mansf. Dig., nor does the affidavit of Adams of the Gazette.

*Cohn & Cohn*, also for appellees.

In addition to the authorities cited by Messrs. Crawford & Crawford, we cite the following:

Where an affidavit is required to prove jurisdictional steps, it cannot be substituted by parol evidence.   *Murphy v. Lyons*, 19 Neb., 689, 692.

Where no such affidavit was forthcoming, in a court of general jurisdiction, the want of jurisdiction was held to be *affirmatively* shown.   Ibid., 693.

The record must show that the provisions of the law regarding service have been complied with.   *Brownfield v. Dyer*, 7 Bush, 505, 507; Wells Res Adjudicata, sec. 477.

The record must speak for itself; evidence *aliunde* inadmissible.   *Allen v. Carpenter*, 15 Mich., 33; *Montgomery v. Merrill, Metcalf v. Gillett*, 5 Conn., 400; 36 Mich., 97, 104; *Sullivan v. Blackwell*, 28 Miss., 737; *Bryan v. Mc-Dowell*, 15 Lea (Tenn.), 581, 585; *Wilcox v. Emerson*, 10 R. I., 270; *Hennig v. Planter's Ins. Co.*, 28 Fed. Rep., p. 443; 21 Wharton Evi., sec. 986.

BATTLE, J.

The county court of Clark county made an order calling in certain outstanding county warrants for cancelling or re-issue, and fixing the time for the presentation of the same.  After the time fixed had passed, appellees tendered warrants which had

been called in, but had not been presented, to the collector, in payment of the tax assessed against their property for county purposes for the year 1885, and he refused to receive them. They then applied to the Clark circuit court for a mandamus to compel him to do so, which was granted and the collector appealed.

The record of the orders made by the Clark county court fails to show that any notice of the calling in of the warrants was given. No return in writing of the sheriff, showing that he had given notice to the holders of the warrants called in, to present the same to the county court, could be found or produced. Two affidavits were on file. One of them, with a copy of the order calling in the warrants attached, was in the words and figures following, to-wit:

"State of Arkansas, County of Clark.

"Personally appeared before me, Adam Clark, one of the publishers of the Southern Standard, a newspaper published at Arkadelphia, Clark county, Arkansas, who being duly sworn, deposes and says, that the advertisement hereto attached was published in said newspaper for two (2) consecutive weeks prior to the January term, 1881, county court of said county, according to law, and that the fee therefor, ......... ......... dollars, had been paid, the receipt of which is hereby acknowledged.                     ADAM CLARK,
                                    Proprietor of Southern Standard.

Sworn to and subscribed before me, this 3d day of January, 1881.                     A. M. CROW,
     [SEAL.]                     Notary Public."

The other was made by Dean Adams, and is like the one made by Clark, except it stated that the order was published in the Arkansas Gazette, and the dates of publication, the last being thirty days before the day fixed for the pre-

senting of warrants. Thomas Sloan testified that he was deputy sheriff when the order was made; that he put up copies of the same at some of the election precincts in Clark county; and that the sheriff, who is dead, presented an account to the county court, in which he charged Clark county with $24.00 for giving notice that county warrants had been called in. This was all the evidence of notice adduced at the hearing of the application for mandamus.

The only question presented for our consideration is, were the holders of the county warrants tendered to the collector debarred from receiving any benefit from them, by their failure or neglect to present them as required by the order of the county court? There is no question as to their genuineness or validity, or the duty of the collector to receive them in payment of taxes, if they were not barred by such order.

As a general rule the proceedings of a superior court, with respect to jurisdictional facts about which the record is silent, are presumed to be within the scope of its jurisdiction until the contrary is shown. But this rule does not apply to proceedings had under special statutory authority. As said by the supreme court of New Hampshire, "A court of general jurisdiction may have special and summary powers, wholly derived from statutes, not exercised according to the course of the common law, and which do not belong to it as a court of general jurisdiction. In such cases its decisions must be regarded and treated like those of courts of limited special jurisdiction. The jurisdiction in such cases, both as to the subject matter and as to the persons to be affected by it, must appear * * * ; and everything will be presumed to be without the jurisdiction which does not distinctly appear to be within it." In other words, the jurisdiction of the court in such cases must be shown affirmatively to confer validity on its acts,

and unless it is shown its whole proceedings will be invalid, and may be treated as a nullity when called in question in a collateral controversy.    *Galpin v. Page*, 18 Wall., 350; *Morse v. Presby*, 5 Foster, 302; *Lusk v. Perkins*, 48 Ark , 238; 1 Smith's Leading Cases, pt. 2, 8th Ed., 1127, 1105; Freeman on Judgments, secs. 123, 127; *Thatcher v. Powell*, 6 Wheat, 119; *Christie v. Unwin*, 3 Perry & Davidson, 208.

In this case the Clark county court undertook to act under a special statutory authority.    The power it undertook to exercise was wholly derived from the statute.    It was special and summary and is not exercised according to the course of the common law.    The statutes under which the order calling in the warrants was made, required the clerk to furnish the sheriff with a copy of the order, and made it the duty of the sheriff to notify the holders of the warrants to present the same to the court at the time and place fixed for presentation, "for cancellation or re-issuance," by putting up at the court-house door and at the election precincts in each township of the county, at least thirty days before the time appointed for the presentation, a true copy of the order, and by publishing the same in newspapers printed and published in this state for two weeks in succession, the last insertion to be at least thirty days before the time fixed for the presentation of the warrants; and required at least one of the publications to be made in a daily or weekly newspaper published in the county of Clark, provided there was one which had a *bona fide* circulation therein and had been regularly published in the county for the period of one month next before the date of the first publication of the order; and provided that the affidavit of the editor, publisher, proprietor or principal accountant of the paper in which it is published, stating the

Gibney v. Crawford.

length of time it was published in his paper and the number of the insertions, with a printed copy of such advertisement attached, should be the evidence of its publication; and after the notice was given in the manner prescribed, authorized the county court, at the appointed time, to examine the warrants presented in obedience to the call, and cancel or cause the same to be re-issued. Mansfield's Digest, secs. 1147, 1148, 1152, 4356, 4359.

It was the duty of the sheriff to have made a written return and set out in it the manner in which he gave the notice required, and filed the same and the affidavits as to the publication, with the clerk of the county court. Mansf. Digest, secs. 5316, 6361.

It is evident that the statutes authorizing the calling in of county warrants never intended that the holder of a county warrant, without lawful notice, should lose the benefit of his claim by a failure or neglect to present the same to the county court. Before he can be deprived of the benefit of his warrant, they provide that a certain order shall be made; that a certain notice shall be given; that it shall be given by posting and by publication; and that the posting and publication shall be in a certain manner and for a certain period, and the mode in which the notice was given shall be proven. As these statutes are in derogation of the common law they must be strictly pursued.

<span style="float:right">1. County Warrants: Order calling in.</span>

Unless notice of the calling in of the warrants was given in the manner prescribed by the statutes, the order making the call was a nullity as to the warrants which were not presented to the court in obedience to the call. The burden of proving that it was given was upon the appellant. The evidence adduced was not sufficient to prove it. In the affidavits, which are made the evidence of the publication and intend-

<span style="float:right">Notice, etc.</span>

<span style="float:right">2. Proof of publication.</span>

ed to be made a part of the record as to the calling in of the warrants, affiants fail to swear that either of them was the editor, publisher, proprietor or the principal accountant of the newspapers in which the order of the court was published, and neither of them swears that his paper was a daily or weekly newspaper and had a *bona fide* circulation in Clark county, and had been published in that county for the period of one month before the date of the first publication of the order therein; and Adam Clark does not state in his affidavit how long it was published in his paper, the length of time the last insertion was made before the time appointed for the presenting of the warrants, or the number of insertions which appeared in his paper. The statutes regulating the publication of legal advertisements, obviously intended that these facts should be sworn to in the affidavit required to be made. Proof of them is a necessary part of the proof of publication. Without it any affidavit made would be a nullity, and fail to be the evidence the statutes declare it shall be. *Cissel v. Pulaski County*, 10 Fed. Reporter, 891; *Gray v. Larrimore*, 4 Sawyer, 638; *Haywood v. Collins*, 60 Ill., · 328; *Fontaine v. Houston*, 58 Ind., 316.

3. Posting notice.   There was no evidence that the notice was given by posting as required by law.

The statute having prescribed the manner in which the notice should be given, it could not be given legally in any other manner; and having prescribed what shall be the evidence of the publication it can be proven in no other manner. Facts which should be of record cannot be proven by parol. *Iverslie v. Spaulding*, 32 Wis., 394; *Cissel v. Pulaski County*, 10 Fed. Rep., 891; *Gray v. Larrimore*, 4 Saw., 638; *Haywood v. Collins*, 60 Ill., 328; *Wilcox v. Emerson*, 10 R. I., 270; 2 Wharton's Law of Evidence, sec. 986.

Judgment affirmed.