CRUDUP *v.* RICHARDSON.

Opinion delivered November 9, 1895.

COUNTY WARRANTS—VALIDITY OF ORDER DEBARRING.—An order of the county court debarring county warrants issued prior to a certain date and not presented for cancellation and reissuance, as required by its previous order, is invalid, where it does not appear, either from the recitals of the judgment record or from the sheriff's return of service of the court's order, that one of the newspapers in which notice of the order calling in such warrants was given was published in the county, as required by the statute (Act February 15, 1875).

SAME—FIXING SUNDAY AS DAY FOR PRESENTATION—The fact that an order calling in the warrants of a county for cancellation and reissuance fixes Sunday as the day for the presentation of such warrants does not materially affect the validity of the proceedings.

Appeal from Franklin Circuit Court, Ozark District.

JEPHTHA H. EVANS, Judge.

*Virgil Bourland* for appellant.

1. The sheriff's return is not upon a true copy of the order. It does not show: (1) Posting at the court house door; (2) printing in newspapers *published in Arkansas;* (3) that the posting and publishing was thirty days before the time fixed for presentations of warrants; and (4) no proof of publication of publishers was filed as part of, or with, the returns. Sand. & H. Dig. sec. 1004.

2. The amended return fails to show that the posting and publishing was at least thirty days before the day fixed. 48 Ark. 238; 51 Ark. 34; 33 *id.* 740; 37 *id.* 110. The affidavit of a publisher should be made and filed before judgment, and while he is publisher. After the suit it is *ex parte*, and inadmissible. Mansf. Dig. sec. 4359–60; 51 Ark. 34.

3. The jurisdiction of the county court in these matters is *special*, and no presumptions can be indulged; all necessary facts *must* be shown. 51 Ark. 34; 10 Fed. Rep. 891; 9 S. W. 309; 3 Ark. 537; 16 S. W. 197; 48 Ark. 239; 25 *id.* 261; 57 *id.* 649.

4. Even if the notice was lawful, the time fixed for presentation was Sunday, and the call was void.

5. The warrants are not barred, but are still receivable for taxes. Sand. & H. Dig. sec. 1243; 36 Ark. 487; 39 *id.* 139; 37 *id.* 110; 57 *id.* 400; 54 *id.* 168.

*Geo. A. Mansfield* for appellee.

1. The record shows every jurisdictional fact. Every requirement of the statute was strictly complied with, and the judgment cannot be collaterally attacked. 57 Ark. 49; *Ib.* 628; 53 *id.* 476. The cases cited (48 Ark. 238; 51 *id.* 34) are not applicable here, for in those cases the record was *silent* as to jurisdictional facts. Freem. Judg. secs. 123–4, 127; 5 Wend. 148; Hawes on Jur. sec. 8, 234; Newm. Pl. & Pr. pp. 55, 56; Wells on Jur. p. 28. When the record recites the jurisdictional facts, the parties whom it concludes cannot deny or disprove them. 11 Ark. 130; 25 *id.* 60; 2 S. W. 707; 48 Ark. 151; 2 S. W. 847; 48 Ark. 238; 57 *id.* 649; *Ib.* 628.

2. It was not necessary to specifically set out the return of the sheriff, or the proof of publication in the record, and where the record recites that proper legal notice was given, the presumption *does* exist that the

recital was made upon proper facts, and the judgment cannot be collaterally attacked.   57 Ark. 49.

3.   But it was competent for appellee to prove that proper notice was given, and this was done.

4.   Fixing Sunday as the day of presentation was a mere *clerical* error; but if not, parties could present warrants at any time up to that day, or on the *day following.*   6 Johns. 326;   3 Pa. 200; 33 Ga. 146.   For, when the time expires on Sunday, a party has all next day to do what is required.   But holders had the *full* three months, excluding Sunday, to present their warrants.   56 Ark. 45.

5.   The warrants were barred by limitation.   54 Ark. 168.

Bunn, C. J.   The appellant, being the holder of two certain warrants on the treasury of Franklin county, presented and tendered the same to the appellee, as collector of revenue of said county, in payment of certain county taxes assessed and charged against him, and appellee refused to accept the same.   Appellant then sued out his writ in the Franklin circuit court to compel the acceptance of his said warrants in payment of said taxes.   The appellee filed his response, setting up the previous order of the county court of said county debarring the holder of said warrants from any benefit therefrom.

The sole issue in the case is as to the validity of the order of the county court mentioned in the response; and the facts will more definitely appear from the following history of the proceedings in that court:   On the first day of May, 1884, the same being a day of its regular April term, the said county court made the following order, to-wit:   "In the Matter of Calling in the Outstanding Warrants of Franklin County, Ark. Whereas, it appearing to the court that, on the 27th day of October, 1880, there was a call made by the court

*Validity of order debarring county warrants.*

for the bringing in and producing all the then outstanding Franklin county scrip or warrants that had been issued prior to the first day of January, 1880, for reissuance; and it further appearing to the court that three years and upwards have transpired and passed since that time; and it further appearing to the court, for the purpose of ascertaining the present indebtedness of the county, it is necessary, under the law authorizing each county in the state every three years to call in her outstanding scrip or warrants for reissuance, that the same be ordered in,—it is therefore ordered that all holders of Franklin county scrip or warrants issued prior to the first day of May, A. D. 1884, shall present the same to the clerk of the county court of said county of Franklin, at Ozark, in said county, at the next July term, on the 10th day of August, 1884, of said court, for reissuance; and it is further ordered that all persons who shall hold any warrants of said county, and neglect and refuse to present the same at the time and place aforesaid, as required by this order, shall thereafter be forever debarred from deriving any benefit from their claims; and it is further ordered that the sheriff of Franklin county notify the holders of said county warrants to present the same to the county court at the time and place fixed as aforesaid for reissuance, by putting up at the court house door, and at the election precincts in each township in said county, at least thirty days before the time appointed by the order of the said county court for the presentation of said warrants, a true copy of this order, and by publishing the same in newspapers printed and published in the state of Arkansas for two weeks in succession, the last insertion to be at least thirty days before the time fixed by said county court for presentation of said warrants."

The return of the sheriff, showing in what manner he gave the notice thus directed to be given, was ex-

pressed in general terms, to the effect that the notice had been given as directed in said order, by "posting, as required, in each township, and advertising in two newspapers,—Ozark Democrat and the Weekly Sun,—this July 11th, 1884." And on October 2d, 1889, during the pendency of the present proceedings, said sheriff, then out of office, on motion, and by leave of the court, and over the objection of appellant, filed the following amended return, to-wit: "State of Arkansas, County of Franklin: I hereby certify that I have before this, the 10th day of July, 1884, executed the within order, as therein commanded, by posting notices as required at the courthouse door, and at each election precinct in each township in said county, and published the same, as therein commanded, in two newspapers printed and published in the State of Arkansas, and having a *bona fide* circulation therein, at least thirty days before the first insertion of said notice. Returned by me on this 11th day of July, 1884."

On the 11th day of August, 1884, the day after the day fixed in said original order, the exact day being Sunday, the county court proceeded to an examination, reissuance and cancellation of warrants, as provided by said original order, and entered the following final order to-wit: "In the Matter of Calling in the Warrants Outstanding, Issued Prior to May 1, 1884. And now on this, the 11th day of August, A. D. 1884, being the day after the time stated in the order for calling in the outstanding county scrip of Franklin county, Arkansas, it appearing to the satisfaction of the court that the order was made by the county court, fixing the time for the presentation of the above named county scrip or warrants, and that the full time of three months was given for the presentation of the same as required by law, and it appearing that the said order has been duly published, as required by law, for two consecutive weeks in two

newspapers, published and printed in the state of Arkansas, to-wit: The Ozark Sun and the Ozark Democrat, and that the last insertion was at least thirty days before the time set by said order for the presentation of said scrip or warrants; and it further appearing that the clerk of said court furnished A. H. Sadler, sheriff of said county, with a true copy of said order within ten days after the adjournment of said court; and it further appearing that the sheriff, above named, did notify the holders of the aforesaid county scrip or warrants to present the same to the county court, at Ozark, in Franklin county, Arkansas, on the 10th day of August, 1884, for examination and reissuance, by putting up at the court house door and at the election precincts in each township of said county, at least thirty days before the time appointed by the order of said court for the presentation of said scrip or warrants, a true copy of the order of said court in the premises; and it further appearing that full publication has been made, and all legal notice has been given,—it is, therefore, ordered and adjudged that all persons who hold scrip or warrants on Franklin county, Arkansas, issued prior to the 1st day of May, 1884, who have neglected or refused to present the same as required by the order of this court and notice aforesaid, shall hereafter be forever barred from deriving any benefit from such scrip or warrants, and that they shall hereafter be declared null and void."

It is unnecessary to consider the effect of the amendment of the sheriff's return made after so long a time and for use in a different jurisdiction from that in which the original proceedings were had, and after the term of the county court had expired, and he himself had gone out of office, except to suggest that in this proceeding we are considering what was before the county court, when it made its final order, not what has been certified

to since then. The uniform holding of this court has been that, in proceedings under the statute authorizing and directing the calling in of county warrants for cancellation and reissuance, "no presumption can be indulged in favor of the legality of the notice of an order of the county court for calling in county warrants." In the present case, then, we are to inquire if sufficient appears, affirmatively, either expressly or by implication, from the record, to constitute the service of notice required by statute.

We may treat the return of the sheriff, (since it is general in its terms, and shows that the notice was given as commanded,) in connection with the original order of the county court, there being no conflict between the two, so that it is sufficient if from both it may be ascertained that all the essentials of the notice were given and proved to the court proceeding thereon. *Lusk* v. *Perkins*, 48 Ark. 238.

We do not find that it is recited in the order of the court, or certified in the return, that one of the newspapers in which the publications were alleged to have been made was published in the county where the proceedings were had; nor do we find this essential fact recited in the final order. Section 1, act approved 15th February, 1875 (Acts 1874–5 p. 152).

We find, further, that, notwithstanding the recital in the final order of the county court that it appeared that notice had been given as required by law, yet, in specifying, in the same recitals, how and in what manner the said notice appeared to have been given, it is not recited that one or the other of said newspapers was such as the law designates for such publication; in other words, the recitals in this respect contradict themselves, and the defect is not cured by anything else contained in the record. The general recital seems to have been a mere conclusion of law, upon the part of the county court,

drawn from what follows in the way of particular and specific recitals.

We deem it unnecessary to call attention to other irregularities and differences in the record, since, for the particular error pointed out, a majority of us are of the opinion that the judgment of the court below should be reversed.

*Fixing Sunday as the day of presentation of warrants.*

We do not regard the fact that the day fixed by the county court for the presentation of the warrants was Sunday, as materially affecting the validity of the proceedings.

Adhering to former rulings of this court, we do not consider the statute of limitations applicable in this kind of case.    Reversed and remanded.