## BAKER *v.* YORK.

### Opinion delivered March 19, 1898.

CONSTRUCTIVE SERVICE—PROOF OF PUBLICATION.—An affidavit of publication of notice, in a proceeding to call in and cancel county warrants, recited as follows. "I, M., publisher and proprietor of," etc., "a weekly newspaper published at," etc., and having a *bona fide* circulation in said county for more than six months next preceding the date hereof, do solemnly swear," etc. *Held* that the recitals as to affiant's connection with the paper and as to its circulation were mere statements without the sanction of an oath, and that the affidavit did not comply with the statute, and the judgment rendered on such notice was void. (Page 143.)

Appeal from Stone Circuit Court.

RICHARD H. POWELL, Judge.

*Yancey & Fulkerson* and *Morris M. Cohn*, for appellant.

The notice of the order of cancellation must conform strictly to the requirements of the statute authorizing and regulating its publication. Sand. & H. Dig., § 1004; 33 Ark. 740; 48 Ark. 238; 51 Ark. 34; 61 Ark. 259, 265. And the proof of the making and manner of publication must also conform to the statute. Sand. & H. Dig., § 4685; 51 Ark. 34, 42; 55 *ib.* 218; 54 *ib.* 627, 643; 61 Ark. 259, 265; 10 Fed. 891. The proof of publication was jurisdictional, and, it being defective, the county court could take no valid action. Nor could it cure the defect by amending the affidavits. 51 Ark. 317, 323; 36 Ark. 268; 20 Ark. 636; 23 Ark. 18; 55 Ark. 30; 51 Ark. 224, 231; 1 Wall. 627; 43 Ark. 107, 111; Wait, Fraud. Con. § 415, 416; McNamara on Nullities, 4; 50 Cal. 388; 36 Iowa, 202, 206; 96 U. S. 195; 55 Miss. 243; 40 N. J. L. 383; 20 Grat. (Va.) 109; 79 Pa. St. 407; Freeman, Void Jud. Sales, § 56; 43 Ark. 111; 49 Ark. 230, 231. There was no legal session of court on the day of the order. Hence the proceedings were void. 27 Ark. 414, 417; 2 Ark. 229, 252.

*J. K. York, pro se.*

The proof of publication of the notice was legal and sufficient. The court had power to amend its record to make it speak the truth.     13 Ark. 419, 420; 40 Ark. 231, 232; 14 Ark. 206; 17 Ark. 100, 105.     There is scarcely any limitation as to the time at which an officer's return may be amended.     22 Am. & Eng. Enc. Law, 201, 6a; 16 Me. 124; 46 Mo. 311; 86 Va. 232; 112 Ill. 29; 13 Ill. App. 294.

BUNN, C. J.     This is a proceeding to compel a sheriff and collector of taxes to take in payment of the county taxes due by the appellant certain county treasury warrants or scrip, which had been called in and cancelled by a previous proceeding and order of the county court.

The only question necessary for us to consider is as to the sufficiency of the nature of the proceeding in the county court to authorize it to annul the warrants involved, on the failure of their holder to present the same for examination as required by the order of the court.     This proceeding to call in scrip is statutory, is not according to the course of the common law, and seeks to conclude the holders of scrip by constructive service, and a strict compliance with the requirements of the statute must be shown.     *Lusk* v. *Perkins*, 48 Ark. 238; *Gibney* v. *Crawford*, 51 Ark. 34; *Crudup* v. *Richardson*, 61 Ark. 259.

The proofs of publication in the two newspapers, as acted upon by the county court at its October term, 1895, are not copied in the record, and we have only a statement of their contents to enable us to judge of their sufficiency.     It is virtually admitted, however, that these proofs of publication in neither case showed all the facts that should have been shown to give them any validity; and hence, at the succeeding January term, they were, at the instance of the sheriff, sought to be amended.     "I, S. A. McCullough, publisher and proprietor of the Stone County Democrat, a weekly newspaper published at Mountain View, Stone county, Ark., and having a *bona fide* circulation in said county for more than six months next preceding the date hereof, do solemnly swear that the annexed and foregoing advertisement has been printed in said newspaper three times in succession; the first insertion appearing in volume 14,

No. 29, dated 18th day of July, 1895, and the last inertion in volume 14, No. 31, dated 1st day of August, 1895." All that part preceding the words "do solemnly swear" were added by amendment. The proof of publication by J. M. Watkins, chief accountant of the Batesville Printing Company, is substantially the same as the other, except that he states the circulation of his paper was as required by law. In each case all that part showing the paper to be such as the law designates for publishing legal notices, and the connection the affiant has with it, was added by the amendment, and preceded the oath, and were therefore mere statements without the sanction of an oath, the oath being expressly confined to the facts pertaining to the date and insertion of the publication of the order.

The proofs of publication were not in compliance with the statute, and the judgment rendered on such notice was void as to the warrants involved herein.

Reversed and remanded, with direction to grant prayer of petitioner.

Wood, J., being in doubt as to the insufficiency of the proofs of publication as amended, does not concur in the decision of the court on that ground. But he is of opinion that the proofs of publication could not have been made after the expiration of the term of the county court at which the order cancelling the warrants was made, and on that ground concurs in the judgment of reversal.