## MILLER COUNTY *v.* GAZOLA.

### Opinion delivered June 4, 1898.

CONSTRUCTIVE NOTICE—PROOF OF PUBLICATION.—An order of the county court barring county warrants not presented for reissuance pursuant to an order calling in same will be quashed on certiorari where the proof of publication of the notice calling in the warrants was made by "an accountant," and not, as the statute requires, by the "chief accountant" of the newspaper in which the notice was published. (Page 354.)

Appeal from Miller Circuit Court.

RUFUS J. HEARN, Judge.

*L. A. Byrne,* for appellant.

A sheriff cannot impeach his own return in a collateral proceeding. The remedy is by an action for a false return. 2 Ark. 26; 4 Ark 184; 11 Ark. 368. Besides this, the return is strictly legal and regular. Sand. & H. Dig., § 1004. All the essentials of the statute, regulating the proof of publication of notices, were complied with. Sand. & H. Dig., § 4685. Any objection upon this score is lost to appellee, because not interposed in the lower court.

*Williams & Arnold,* for appellee.

The call was ineffectual to bar the warrants not presented, because it does not appear that notice of the call was given as required by law. 10 Fed. 891. The sheriff is not the judge of the legality of service, but must state the facts. 12 Pick

206.   The return is defective, because: (1) it nowhere states that the three publications were made *successively*.   Sand. & H. Dig., § 1004; 33 Ark. 740; 39 Ark. 61.   (2) It does not appear that the affidavit was made by the proper person. Sand. & H. Dig., § 4685; 10 Fed. 894; 39 Ark. 61.   A sheriff's return may be amended.   33 Ark. 778; 50 Ark. 448; 43 Ark. 341.   In proceedings by certiorari, acts of ministerial officers are only *prima facie* regular.   Sand. & H. Dig., § 1126.

BUNN, C. J.   This is a petition for the writ of certiorari to bring up and quash the judgment, orders and proceedings of the Miller county court, whereby it called in its county warrants for the purpose of examination, reissuance or cancellation, and wherein it outlawed certain warrants belonging to the petitioner because he failed to present them for that purpose, as required in said order, the petitioner alleging that he had no legal notice of the pendency of said proceedings.   The petition and answer set forth the full record, and evidence *dehors* the record was also taken and presented, and, a demurrer to the sufficiency of the record notice being interposed, the case, in effect, went off on that.   Judgment for petitioner, and the county appealed.

The proof of publication of the notice calling in the warrants, by J. E. Daniels, *an* accountant of the Gazette Newspaper, was not in accordance with the statute, which requires the *chief* accountant, and not *an* accountant, to make the affidavit. This court has said time and again that this statute must strictly be complied with, or else the proceedings thereunder will be null and void.   We are not at liberty to say *an* accountant is the same as the *chief* accountant.   The affidavit, therefore, does not show on its face that the affiant is one whom the law authorizes to make it for the purposes intended, and the failure to comply with the statute in this particular is fatal to the proceedings subsequently had upon such defective notice.

None of the other objections raised to the proceedings in the county court may be well founded, in a proceeding by certiorari where the record connot be contradicted, and where the record shows no defect, but it is unnecessary to consider any of them, since the judgment must be affirmed for the error in the proof of notice referred to.

Affirmed.