## JACKSON *v.* BEATTY.

### Opinion delivered June 9, 1900.

WARNING ORDER—SUFFICIENCY OF PROOF OF PUBLICATION.—An order calling in county warrants for cancellation and reissue is void where neither the proof of publication, nor the sheriff's return, nor the record of the court, shows that the newspapers in which such order was advertised were regularly published in the county for the period of one month next before the date of the first publication of said advertisement, as required by Mansf. Dig. § 4356. (Page 272.)

Appeal from Carroll Circuit Court, Eastern District.

JAS. M. PITTMAN, Judge.

#### STATEMENT BY THE COURT.

Beatty sought by mandamus to compel Jackson, collector of Carroll county, to accept for county taxes the county warrant No. 267 for $75.35, issued by the county court of Carroll county in 1894.

Jackson admitted that the taxes tendered by Beatty were correct; that he was collector; that Beatty offered to pay him his county tax with warrant No. 267, and to remit the excess of the warrant above his taxes; that the warrant was legally issued to pay a debt allowed by the county court against the county, and alleged that he refused to accept the warrant in payment of taxes by Beatty for the reason that on the 10th day of April, 1890, the county court of Carroll county, being in regular session, had made an order calling in for reissue and cancellation all the warrants outstanding, and that the holder of this warrant had failed to present the same for cancellation and reissue, and that same was therefore barred. The order of the county court was as follows:

"In the matter of calling in for reissue, cancellation and classification the outstanding indebtedness of Carroll county. On this day the court took into consideration the calling in of the various warrants of said county, and the other floating indebtedness of said county, for the purpose of classifying, cancelling and reissuing the same; and, the court being fully advised in the premises, it is therefore by the court ordered, considered and adjudged that all persons holding any county warrants of the said county of either the Eastern or Western districts of said county, issued prior to the 15th day of April, 1890, shall present the same to the court on or before the 12th day of July, 1890, for the purpose of having the same canceled, classified and reissued according to law; and all warrants and other indebtedness not so presented shall be null and void, and the same shall be forever barred. It is therefore ordered that within ten days after the adjournment of this court the clerk of the court furnish to the sheriff of this county a true copy of this order, and that said sheriff proceed to notify the holders of said warrants and other indebtedness to present the same to this court as aforesaid in the manner prescribed by law."

A copy of this order was attached to the sheriff's return, which is as follows:

"I, Spencer J. Morris, sheriff of Carroll county, do hereby certify that I served the notice calling in the county warrants of Carroll county, Ark. (a copy of which order of said court is attached hereto), by posting up at each election precinct in each township in said county and at the court house door in said county a true copy of said order of said county court, each one of which I put up more than thirty days before the 12th day of July, 1890, the time fixed in said order for calling in said warrants by the court, and I further certify that I caused a true copy of said order to be published in the Carroll County Progress and in the Daily Echo, two newspapers published in Carroll county, Ark., and each at the time before and since said publication of said order, had a *bona fide* circulation in said county, all of which will fully appear from the affidavits of E. W. Carleton, editor of the Echo, and J. D. Hailey, editor of the Progress, attached hereto as part of my return herein.

Witness my hand as such sheriff of Carroll county, Ark., this the 7th day of July, 1890. Spencer J. Morris, Sheriff Carroll County, Ark."

Editors' affidavits of publication:

"I, E. W. Carleton, do solemnly swear that I am editor of the *Echo*, a weekly and daily newspaper published in Eureka Springs, Carroll county, Ark., and that said newspaper has a *bona fide* circulation in Carroll county, Ark., and that said paper did have a *bona fide* circulation in said Carroll county for more than thirty days prior to the first publication of the notice hereto fixed, and that said paper had a *bona fide* circulation during the time of the publication of the notice hereto annexed, and that the notice hereto annexed was published in said daily *Echo* for two weeks in succession, the last insertion of which was more than thirty days before the 12th day of July, 1890; the first of said publication being on the 10th day of May, 1890, and the last of which was on the 5th day of July, 1890. E. W. Carleton, Editor Echo. Subscribed and sworn to before me this 5th day of July, 1890. John H. Childs, Notary Public, Carroll county, Ark."

"I, J. D. Hailey, do solemnly swear that I am the editor of the *Carroll Progress*, a weekly newspaper published in Berryville, Carroll county, Ark., and that said newspaper had a *bona fide* circulation in Carroll county, Ark., and that said paper did have a *bona fide* circulation in Carroll county for more than thirty days prior to the first publication of the notice hereto annexed, and that said paper had a *bona fide* circulation during the time of the publication of the notice hereto annexed, and that the notice hereto annexed was publish. d in said weekly *Progress* for two weeks in succession, the last insertion of which was more than thirty days before the 12th day of July, 1890, the first of said publication being on the 23d day of April, 1890, and the last of which was on the 5th day of July, 1890. J. D. Hailey. Subscribed and sworn to before me this 7th day of July, 1890. Len Nunnally, Clerk."

*G. J. Crump* and *Watkins & Walker*, for appellant.

The proof of publication is sufficient. Gould's Dig. § 59; *Cf*. Mansf. Dig. § 1148; Sand. & H. Dig., § 1104. See also

Sand. & H. Dig., § 4356. The latter section does not repeal the former. 60 Ark. 61. Section 1104, *supra*, governs this case. 48 Ark. 246; 37 Ark. 659. The county courts have no exclusive jurisdiction to audit, settle and order payment of all demands against the county. Sand. & H. Dig., § 1173; 44 Ark. 225; 37 Ark. 649; 3 McCrary, 447.

*McDaniel & Tillman*, for appellee.

The provisions of the statute governing the calling in of county warrants are to be strictly complied with. 65 Ark. 142; 51 Ark. 34. The failure of the sheriff's return to show that the newspapers had been regularly published in the county for the required time, prior to the first publication, renders the whole proceeding void. 51 Ark. 34; 61 Ark. 259; 16 S. W. 197. "Published" and "printed," as used in the statute, are not identical in meaning. 77 Me. 433. *Cf.* Sand. & H. Dig., § 1104. The affidavits of the publishers constitute mere recitals. 65 Ark. 142. The plea of *res judicata* does not apply. 4 Wall. 232; 1 Greenleaf, Ev. § 530; 14 Pet. 156; 2 Bl. Judg. § 693; Freeman, Judg. § 263; 17 Ark. 365; 33 Ark. 522.

WOOD, J., (after stating the facts.) Was the order of the county court void by reason of a failure to give notice as required by law? It is contended by the appellee that the order is a nullity because the sheriff's return shows a failure to comply with section 4356 of Manfield's Digest, which was in force when the order was made. That statute prescribes that "when a legal publication of *any character* is required by existing or future laws * * * to be made by advertisement in a newspaper printed in this state, it shall be published in some daily or weekly newspaper printed in the county where the suit or proceeding is pending, or where the * * * subject of the proceeding or publication is situated. *Provided*, there be any newspaper printed in the county having a *bona fide* circulation therein, which shall have been regularly published in said county for the period of one month next before the date of the first publication of said advertisement."

It will be observed that the affidavits of the editors attached to the sheriff's return each fail to show that the re-

spective newspapers had been regularly published in Carroll county for the period of one month next before the date of the first publication of said advertisement. Neither the return itself nor the recitals of the record of the county court of July 12, 1890, when the order of cancellation was made, show the newspapers had been regularly published in the county for the required time prior to the first publication. On this point the present case is ruled by the decisions of this court in *Gibney* v. *Crawford*, 51 Ark. 34, and *Thompson* v. *Scanlan*, 16 S. W. Rep. 197. But it is contended that, as the affidavits of the two editors show that each paper had a circulation in the county thirty days prior to the date of the first publication, and that the notice was published in the *Progress* beginning April 23, and ending July 5, and in the *Echo*, beginning May 10 and ending July 5, the return, construed with reference to the different parts of it, shows each paper was published more than thirty days prior to the first day of publication. *Non sequitur.* The statute requires the notice to be published in a newspaper printed in the county, if there be one, "having a *bona fide* circulation therein, which shall have been regularly published in said county for one month next before the date of the first publication." Obviously, something more is required than that the paper shall have had a circulation in the county for one month prior to the date of the first publication. It must have been printed or published in the county for that length of time before the first publication of the notice. Now, a newspaper may have a *bona fide* circulation in a county, and yet not be published therein at all. For we think the word "published," as used in the statute, is synonymous with the word "printed." Therefore we cannot see that, because it may have been shown that these papers had a *bona fide* circulation in the county for thirty days before the date of the first publication, it necessarily follows that they were published or printed in the county for that length of time before the date of the first publication. Nor will we, in this special statutory and summary proceeding, indulge in any astute refinements of construction in order to show that the statute in regard to jurisdiction has been complied with. We

must adhere to the rule in such cases that "everything will be presumed to be without the jurisdiction which does not distinctly appear to be within it," and insist upon a strict construction and compliance with the terms, of the statute.

We deem it unnecessary to discuss the pleas of *res judicata* and the statute of limitations. We have carefully considered same, and are of the opinion that they are not well taken. It follows that the judgment of the county court cancelling the warrant in controversy was void, and the judgment of the circuit court in this case ordering a peremptory mandamus on the collector to receive the warrant was correct, and it is affirmed.