## HALTOM *v.* CRAIGHEAD COUNTY.

### Opinion delivered May 21, 1917.

1. COUNTIES—CALLING IN WARRANTS—CONSTRUCTION OF STATUTE.— The proceeding for calling in county warrants is a special one, not in the course of common law proceedings, and the statute must be strictly complied with in order to bar the holders of county warrants from asserting rights thereunder. There is no presumption in favor of the regularity of such proceedings, the record itself must affirmatively show that the statutory requirements were complied with.

2. COUNTIES—CALLING IN WARRANTS—NOTICES MUST BE POSTED WHERE.—Where the county court undertakes to call in county warrants under Kirby's Digest, § 1175 *et seq.*, the statute requires the posting of the notice in every voting precinct in the county, which includes every ward in a city in the county, and if this is not done, the order calling in warrants is invalid.

Appeal from Craighead Circuit Court, Jonesboro District; *W. J. Driver,* Judge; reversed.

*Baker & Sloan,* for appellant.

1.   The order calling in the warrants was void. The statute must be strictly complied with. The return of the sheriff must show a compliance with the statute. 87 Ark. 406; 10 Fed. 891; 51 Ark. 34; 65 *Id.* 142; 65 *Id.* 353.

2.   The notice was not posted as required by law. Kirby & Castle's Digest, § 1291; 87 Ark. 406; 72 *Id.* 394; 51 *Id.* 34; 72 *Id.* 394; 23 Atl. 421; 54 N. J. Law, 82.

3.   The notices were not advertised in two newspapers nor posted in each township and precinct in the county. 87 Ark. 406; 33 *Id.* 740, 744; 48 *Id.* 238; *Ib.* 740; 65 *Id.* 353; 51 *Id.* 34, 42; 68 *Id.* 269; 10 Fed. 891.

4.   The proof of publication was insufficient. 68 Ark. 269, 273; 65 *Id.* 333; 51 Ark. 34, 39.

*Hawthorne & Hawthorne* and *D. K. Hawthorne,* for appellees.

1.   The court had power to call in the warrants and the failure to present is a good defense. 36 Ark. 487; 103 U. S. 505; 13 Otto 559.

2.   The return of the sheriff shows a compliance with the law. 33 Ark. 740; 117 *Id.* 254.

3.   County courts are superior courts of record and can not be contradicted by parol proof. They are presumed to have acted on facts sufficient to maintain their action. 53 Ark. 476; 72 *Id.* 394.

4.   The records introduced do not show any election precincts established in Jonesboro permanently. The law was complied with. The return of the sheriff and the finding of the court show a compliance with the law. 68 Ark. 561; 87 *Id.* 406; 61 *Id.* 259; 65 *Id.* 354.

5.   The publication of the notice was sufficient. Kirby's Digest, § 1176; 33 Ark. 740; 117 *Id.* 254, etc. The court specially found from the sheriff's return and other evidence that *due and legal* notice was given.

McCULLOCH, C. J.   Appellants, who are the holders of county warrants of Craighead County, presented their

petition to the circuit court of that county for a writ of *certiorari* to bring up for review the proceedings of the county court calling in warrants for cancellation or re-issue pursuant to the terms of the statute. Kirby's Digest, § 1175 *et seq.* The proceedings of the county court were brought up under the writ, but on final hearing the circuit court refused to grant the prayer and dismissed the petition.

The order calling in the warrants was duly made and entered of record by the county court on December 22, 1915, in accordance with the terms of the statute. The return of the sheriff recites the posting of a copy of said order of the county court at the courthouse door in the city of Jonesboro, and also a copy at the courthouse door in the town of Lake City, and also copies at voting precincts in each township, but the notice does not show that copies were posted at the several voting precincts in the city of Jonesboro. The statute provides that the clerk shall furnish the sheriff with "a true copy of said order within ten days after the adjournment of said court" and that the sheriff shall "notify the holders of said county warrants to present the same to said court, at the time and place fixed as aforesaid, for redemption, cancellation, reissuance or classification of the same," etc. * * * "by putting up at the courthouse door and at the election precincts in each township of said county, at least thirty days before the time appointed by the order of said court for the presentation of said warrants, a true copy of the order of said court in the premises, and by publishing the same in newspapers printed and published in the State of Arkansas for two weeks in succession, the last insertion to be at least thirty days before the time fixed by said court for the presentation of said warrants." Kirby's Digest, § 1176.

(1) The proceeding for calling in county warrants is a special one, not in the course of common law proceedings, and must be strictly complied with in order to bar the holders of county warrants from asserting rights

thereunder. *Gibney* v. *Crawford,* 51 Ark. 34; *Miller County* v. *Gazola,* 65 Ark. 353; *Nevada County* v. *Williams,* 72 Ark. 394.

There is no presumption in favor of the regularity of such proceedings, but the record itself must affirmatively show that the statutory requirements were complied with. "The statute having prescribed the manner in which the notice should be given," said this court in *Gibney* v. *Crawford, supra,* "it could not be given legally in any other manner; and having prescribed what shall be the evidence of the publication it can be proven in no other manner. Facts which should be of record can not be proven by parol."

(2) The return of the sheriff is the statutory record of the posting of the notices, and in this instance that record fails to show that notices were posted in the five voting precincts of the city of Jonesboro. The statute expressly provides that a copy of the order must be posted at the courthouse door "and at the election precincts in each township of said county." This is very broad language and is susceptible only to the interpretation that it means every election precinct in the county, which, of course, includes the wards of a city, for, under the general election laws of the State, each ward of a city constitutes an election precinct. Kirby's Digest, § 1176. It would not do to say that the language of the statute refers only to election precincts in townships other than those embracing cities of the first and second class, for that is contrary to the plain words which are used in the statute, stating that the posting must be at the election precinct "in each township of said county." This means every township. Any other interpretation would make it possible to exclude from the publication the whole of a city of the first or second class which was not a county site and did not contain a courthouse, and it is unreasonable to suppose that the framers of the statute in providing for such a rigid and detailed procedure should have omitted publication in that respect.

There is no escape, we think, from the conclusion that the Legislature meant to require the posting of the notice in every voting precinct in the county, and it follows that, since it was not done in this case, the order of the court calling in warrants was ineffectual and should be quashed. The judgment of the circuit court is, therefore, reversed and the cause is remanded with directions to enter judgment in favor of appellants in accordance with the prayer of their petition.

HART and SMITH, JJ., dissent.