## MONROE COUNTY v. CLARK.

### Opinion delivered April 29, 1918.

COUNTY WARRANTS—CANCELLATION—PUBLICATION OF NOTICE—SHERIFF'S
RETURN—ORAL TESTIMONY TO CONTRADICT.—The return of the
sheriff stating that the notice calling in county warrants had been
posted "at the court house door and the election precincts in each
township of Monroe county," is binding, and it cannot be contra-
dicted by parol testimony that the notice was published in a man-
ner contrary to that stated in the returns.

Appeal from Monroe Circuit Court; *Thomas C. Trim-*
*ble,* Judge; reversed.

*C. F. Greenlee,* for appellant.

The sheriff as shown by his return, properly
posted the notices of the order. Kirby's Digest, § 1176. It
was clearly error to permit the sheriff to testify in con-
tradiction of his return.  51 Ark. 34; 87 *Id.* 409; 83 *Id.*
229, 232.  The words "each" and "every" mean the
same thing and 195 S. W. 354 is not in point.

*Lee & Moore,* for appellee.

The order was not posted as required by law.
Kirby's Digest, § § 1776, 2726.  The failure of the sheriff
violated the whole proceeding.  Notices were not posted
in Cache or Brinkley townships.  It was not necessary
to introduce the testimony of the sheriff. 87 Ark. 406.  The
failure of the sheriff to make a proper return showing
proper posting of the notices invalidates the order. 72
Ark. 394; 51 *Id.* 34; 195 S. W. 354; 23 Atl. 421.

WOOD, J.  Appellee petitioned the circuit court for
a writ of *certiorari* to quash the record of the proceed-
ings of the county court of Monroe County in calling in
warrants for the cancellation of the issue.  He alleged
in substance that he was the prosecuting attorney of the
judicial district in which that county was situated; that
he was the owner of county warrants that had been issued
to him for his official services aggregating the sum of
$975; that on the 7th of July, 1913, the county court

entered of record an order calling in all outstanding warrants of the county which had been issued prior to May 15, 1913, for the purpose of cancellation and reissuance; that he had no notice of this order, and for that reason the warrants held by him were not presented in obedience to the order. He alleged that the order calling in the warrants was void because of a failure of the sheriff of Monroe County to comply with the provisions of section 1176 of Kirby's Digest, to give notice to holders of the warrants. He alleged that the return of the sheriff shows on its face that he failed to post notices in each of the said wards in the cities of Clarendon and Brinkley in Monroe County, both of which are cities of the second class; that the order of the county court barring petitioner's warrants was, therefore, void. He prayed that the same be quashed and that his warrants be declared a valid claim against the county. He filed with his petition the return of the sheriff, which is as follows:

"State of Arkansas.

County of Monroe.

I, T. D. Bounds, sheriff of Monroe County, Arkansas, do hereby certify that in pursuance of the order herein contained, I have posted at the courthouse door and at the election precincts in each township of Monroe County more than thirty days before the time appointed by said court for the presentation of said warrants a true copy of the order of said court in the premises, and I have published a true copy hereof in the Arkansas Democrat and the Monroe County Citizen, two newspapers published and printed in the State of Arkansas, as for two weeks in succession, the last insertion being published more than thirty days before the time fixed by said court for the presentation of said warrants.

Given under my hand this 1st day of September, 1913.

T. D. Bounds,
Sheriff of Monroe County."

The appellant filed a general demurrer, and also a response to the petition denying its allegations and alleged that the proceedings of the county court calling in the warrants for cancellation and reissuance were in strict compliance with the law. The cause was heard upon the testimony of the sheriff and appellee, and the record of the county court showing the order of such court calling in the warrants, and the return of the sheriff set forth above, and the judgment of the court barring the warrants that had not been presented in obedience of the court's order. The order barring the warrants recites, "Said printed notice the court finds was posted in each voting precinct in each township of Monroe County and at the court house of said county on the 21st of July, 1913."

The sheriff testified over the objection of the appellant as follows: "Q. Did you post any notice in the voting precincts in the three wards in Clarendon and the three wards in Brinkley "

"A. No, sir; I only posted notices as I understand it in each township in the county, at the voting precinct in each township. One notice in each township at the voting precinct."

Witness testified that "there were at the time three wards in Brinkley and three wards in Clarendon, and there was one voting precinct in each ward, and that he did not post the notice in the city of Brinkley but in the township of Brinkley, and in the township of Clarendon. Clarendon and Brinkley were cities of the second class.

Appellee Clark testified, over the objection of appellant, "that he had no notice of the calling in of the warrants."

The court made the following finding:

"The court finds from the oral testimony of the sheriff and the certified copy of said cause that the notices were not posted as required by law in the three wards of the city of Clarendon and in the three wards of

the city of Brinkley, and that the order of the county court, debarring the scrip of petitioner herein, was void and should be quashed for the  reason that it appears from the record, affirmatively, that no notice was posted in either of said wards, and for the reason that the sheriff testified that said notices were not posted in either of said wards."

The court rendered a judgment quashing the order of the county court of Monroe County in barring appellee's warrants, from which is this appeal.

The court erred in permitting the sheriff to testify that he did not post the notice of the court's order, calling in the warrants, in the city of Brinkley and in the city of Clarendon; and that there were three wards in Brinkley and three wards in Clarendon and one voting precinct in each ward; that he only posted the one notice at the voting precinct in each township. This testimony contradicted his return which was in strict compliance with the statute and could not be overcome by parol testimony. The statute provides that notice shall be given "by putting up at the court house door and at the election precincts in each township of said county, at least thirty days before the time appointed by the order of said county court for the presentation of said warrants, a true copy of the order of said court in the premises" etc. Section 1176, Kirby's Digest.

The sheriff's return recites: "I have posted at the court house door and the election precincts in each township of Monroe County, more than thirty days," et cetera.

The return, it will be observed, follows the language of the statute.

In *Gibney* v. *Crawford*, 51 Ark. 42, Mr. Justice BATTLE, speaking for the court concerning this statute, says: "The statute having prescribed the manner in which the notice should be given, it could not be given legally in any other manner; and, having prescribed what shall be the evidence of the publication, it can be proved in

no other manner.   Facts which should be proved by record can not be proved by parol.''

In the recent case of *Haltom* v. *Craighead County,* 129 Ark. 207, 195 S. W. 354, notice of the order calling in the county warrants was given by the sheriff as shown by his return as follows: ''I served the within order and notice by putting up a true and perfect copy thereof at each of the election precincts in each of the townships of Craighead County as follows: Jonesboro township at the court house, Dec. 31, 1915, Lake City township at the court house Jan. 1, 1916,'' etc., mentioning all of the other townships.  In speaking of these notices we said: ''The return of the sheriff is the statutory record of the posting of the notices and in this case that record fails to show that notices were posted in the five voting precincts of the city of Jonesboro.''

It will be observed that the return of the sheriff in *Haltom* v. *Craighead County, supra,* shows affirmatively that the notices were not posted at each of the five election precincts in the city of Jonesboro, but on the contrary were only posted at the court house in the city of Jonesboro, which was the election precinct for the Jonesboro township.  Speaking of the return of the sheriff in the above case we said:  ''The return of the sheriff recites the posting of a copy of said order of the county court at the court house door in the city of Jonesboro and also a copy at the court house door in the town of Lake City, and also notice at the voting precinct in each township.''

The above language was inaccurate in stating that the return of the sheriff showed that copies of the order of the county court, were posted ''at voting precincts in each township,'' because the return there showed that in Jonesboro township the notice was posted only at the court house, whereas, in Jonesboro township, in which the city of Jonesboro was situated, there were five election precincts, and the return showed that the notice was

only posted at one of these election precincts, towit, at
the court house.

Though, by inadvertence, the opinion did not cor-
rectly recite the return of the sheriff, it is apparent that
we did not intend to hold that a return couched in the
language of the statute itself was not legally sufficient,
and the basis of the decision was that, as the return of the
sheriff failed to show that the notice had been posted "at
the election precincts in each township of said county,"
the order was void. The decision was by a divided court,
but there was no disagreement as to the fact that the
sheriff's return showed that the notice had not been
posted in the election precincts of the wards in Jones-
boro except at the court house door. The views of the
dissenting judges were that the statute did not require
posting in the wards of cities in addition to the posting at
the court house door.

The present case is, therefore, distinguished from
*Haltom* v. *Craighead County, supra,* in that the return
of the sheriff here is in the language of the statute and
does show on its face that the notice of the court's order
calling in the warrants was posted at the court house
and at the election precincts in each township of Monroe
County. The return of the sheriff in the instant case,
being in the language of the statute and showing that the
notice was posted "at the election precincts in each
township of Monroe County," necessarily showed that the
notices were posted at the election precincts in the wards
of the city. In *Haltom* v. *Craighead County, supra,* the
court further said: "The statute expressly provides that
a copy of the order must be posted at the court house
door and at the election precincts in each township of
said county. This is very broad language, and is suscepti-
ble only to the interpretation that it means every election
precinct in the county which, of course, includes the
wards of a city."

Since the return of the sheriff in the instant case
shows that the notice was given as required by the stat-

ute, this record was sufficient, and can not be overturned by parol testimony showing to the contrary.

The judgment is, therefore, reversed, and the cause is remanded with directions to the circuit court to enter judgment reinstating the order and judgment of the county court barring appellee's warrants.