GOOD ROADS MACHINERY COMPANY v. COX.

Opinion delivered May 19, 1919.

1. PROCESS—CONCLUSIVENESS OF SHERIFF'S RETURN.—The recitals of a sheriff's return, made pursuant to Kirby's Digest, section 6381, may be contradicted by other evidence which accompanies it.

2. COUNTIES — RECALLING WARRANTS — PROOF OF PUBLICATION.—A sheriff's return, reciting in detail proper service of notice calling in county warrants for cancellation and reissuance, is sufficient proof of service, though it is accompanied by an affidavit of publication of notice made by the publisher of a newspaper, instead of by the "editor, proprietor, manager or chief accountant" as required by section 4924; such affidavit not being the sole evidence of publication.

Appeal from Greene Circuit Court, First Division; R. H. Dudley, Judge; affirmed.

*Huddleston, Fuhr & Futrell,* for appellant.

The order of cancellation is void because:

(1) The order was not published as required by law.

(2) It was not posted in all the voting precincts as required by law.

(3) No valid proof of publication was made.

(4) The order shows on its face that there was no valid publication of the notice of the order.

(5) The proof was made by the "publisher," when the law requires it to be made by the "manager, proprietor, editor or chief accountant."

The proceedings are not in the course of common law and must be strictly complied with. 51 Ark. 34; 65 *Id.* 353; 72 *Id.* 394; 129 *Id.* 210. There is no presumption of regularity, but the record must show affirmatively that the statutory requirements were complied with. Facts

that should appear of record cannot be proven by parol. 129 Ark. 207; 51 *Id.* 34; 54 *Id.* 627; 65 *Id.* 142; 117 *Id.* 254; 29 Cyc. 1122. The findings and declarations of law are contrary to law and the judgment should be reversed. Cases *supra.*

*T. W. Davis,* Prosecuting Attorney, and *Jeff Bratton,* for appellee.

The proof of publication shows that the order was published as required by law. Kirby's Digest, § § 1176, 4924; 89 Ark. 69; 115 *Id.* 220. The sheriff's return, the best evidence, shows proper publication as required by law. 107 Ark. 422. As to the effect of the sheriff's return, see 126 Ark. 256. Also 49 *Id.* 453; 50 *Id.* 266; 24 *Id.* 407; 134 *Id.* 100; Kirby's Digest, § 1176. The final judgment shows affirmatively all jurisdictional facts to make the order valid and is supported by the law and facts.

McCULLOCH, C. J. Appellant is the holder of a county warrant of Greene County issued prior to certain statutory proceedings in that county calling in the warrants of the county for reissue or cancellation, and this appeal involves an attack on said order, appellant having failed to appear and present the warrant for reissuance.

The sole point of attack on the validity of the proceedings in the county court is that the affidavit to the proof of the publication of notice was made by the publisher of one of the newspapers in which the notice was published, whereas the statute (Kirby's Digest, section 4924) provides that notices and advertisements required by law be proved by the affidavit of ''the editor, proprietor, manager or chief accountant, with a copy of such advertisement annexed, stating the number of times and the date of the papers in which the same was published shall be sufficient evidence of publication.''

The sheriff made his return in writing, which recited in detail proper service of the order of the county court in the manner required by statute. Kirby's Digest, sections 1176, 4923. Separate affidavits concerning the

publication in the two newspapers were filed with the return of the officer—the affidavit concerning the publication in one of the newspapers being properly made by the manager of the newspaper, but the other was made by the publisher.

Appellant relies upon the case of *Gibney* v. *Crawford,* 51 Ark. 34, where the rule was laid down that the calling in of county warrants for cancellation or reissue is a special statutory proceeding which, in order to be valid, must be strictly in accordance with the terms of the statute, and that, the statute "having prescribed the manner in which the notice should be given, it could not be given legally in any other manner; and having prescribed what shall be the evidence of the publication it can be proven in no other manner."

In the case just referred to there was no return of the sheriff in the record, and the only evidence of publication was a defective affidavit. The statute in force at that time provided that the affidavit of the "editor, publisher or proprietor, or the principal accountant of any newspaper" should constitute "the evidence of the publication thereof." Mansfield's Digest, section 4359. The statute now in force differs from the one in force at that time in that it merely provides that the affidavit of the parties named shall constitute "sufficient evidence of publication." Kirby's Digest, section 4924. The distinction has been pointed out, and the difference in the effect of the two statutes discussed in the opinion of this court in *Porter* v. *Dooley,* 66 Ark. 1, and in subsequent cases. In *Gibney* v. *Crawford, supra,* it was also pointed out that it is the duty of the sheriff in making his return on the order of the county court calling in warrants to file with his return the affidavits proving the publication in newspapers, and in that case, since there was no return on the record, the affidavits constituted the sole evidence of the proof of publication. In *Baker* v. *York,* 65 Ark. 142, and *Miller County* v. *Gazola,* 65 Ark. 353, it does not appear from the opinion whether or not written returns were made by the sheriff, and the several orders of the

county court were declared to be void because of the defective affidavits concerning the publication in the news-papers. The present case differs from either of those cases in both respects, for here we have the return of the sheriff showing publications of the notice in the manner prescribed by statute. The delivery of the order of the court by the clerk pursuant to the terms of the statute (Kirby's Digest, section 1176) constitutes process which the sheriff must serve as required by law, and the statute directs the sheriff to make a return in writing on all process which comes to his hands. Kirby's Digest, section 6381. It being the duty of the officer to make return of the affidavits of each "editor, proprietor, manager or chief accountant," the recitals of his return may be contradicted by the other evidence which accompanies it. *Nevada County* v. *Williams*, 72 Ark. 394. But in this instance the accompanying affidavit does not contradict the return of the sheriff, for it is defective only in that it was made by the wrong person, and, as the statute does not make the affidavit of the "editor, proprietor, manager or chief accountant" the sole evidence of publication, but only makes it sufficient evidence, it does not contradict the return of the sheriff in the complete statement made therein that the publication was for the requisite number of times, at the proper time, and by a newspaper which had a *bona fide* circulation, as required by the statute.

We are of the opinion, therefore, that the order of the county court is not void, and the judgment of the circuit court was correct.

Affirmed.