## CISSELL *v.* PULASKI COUNTY.

*(Circuit Court, E. D. Arkansas.* October Term, 1881.)

1. COUNTY WARRANTS—CANCELLATION—NOTICE REQUIRED.

    The notice required to be given of the order of the county court calling in warrants for cancellation and reissue, under a statute, in Arkansas, is for the benefit of the warrant-holders; and the county, which is suitor in the proceeding, cannot object that legal notice of such call was not given.

2. NOTICE—PUBLICATION, HOW PROVED—AFFIDAVIT.

    The affidavit, to prove the publication of a legal notice in judicial proceedings, must show that the paper in which the publication was made is one authorized to publish such notices, and that the affiant sustains the relation to the paper required by the statute to authorize him to make the affidavit.

3. SAME—CONSTRUCTIVE SERVICE—FACTS MUST AFFIRMATIVELY APPEAR.

    When it is sought to conclude a party by constructive service, by publication, every fact necessary to the exercise of jurisdiction, based on such service, must affirmatively appear in the mode prescribed by the statute.

4. SAME—DEFECTIVE PROOF CANNOT BE SUPPLIED BY PAROL TESTIMONY.

    If the proof of publication contained in the record is defective, it is not competent for another court to receive parol testimony to supply the omission.

5. SAME—RECORD EVIDENCE OF NOTICE—PRESUMPTIONS.

    The recital of due notice in the record of a proceeding, under special statutory authority, must be read in connection with that part of the record which gives the official evidence prescribed by statute. No presumption will be allowed that other or different evidence was produced; and, if the evidence in the record will not justify the recital, it will be disregarded.

A statute in Arkansas authorizes the county court at stated periods to call in all the outstanding warrants of the county "in order to redeem, cancel, reissue, or classify the same." An order for the call is required to be made by the county court, and notice of the time fixed for the presentation of warrants under the call must be given in a mode provided by the *act,* and all warrants not presented at or before that time are barred. The plaintiff sued on warrants of the defendant county reissued under a call in 1875. The county answered (1) that there was no sufficient notice of the call of 1875, and that the reissue of the warrants by the county court under the supposed call of that year was illegal and void; and (2) that a valid call was made in 1877, and the warrants in suit were not presented under that call as required by law and the order of the county court, and were therefore barred.

*John McClure,* for plaintiff.

*B. C. Brown,* for defendant.

CALDWELL, D. J. 1. It is not material to inquire into the regularity of the order for the call of 1875, or the sufficiency of the notice. The county court had jurisdiction to adjudicate upon the validity of the warrants, if the holder submitted himself to its jurisdiction for that purpose, whether the order for the call and notice were valid or not. The object of the order for the call and of giving notice is to acquire jurisdiction over and bind those who do not voluntarily submit their warrants for examination and adjudication. The county court has jurisdiction to pass upon the validity of a warrant or any other claim against the county at any time it may be presented to it by the holder. Section 595 (sixth subdivision) and section 611, Gantt's Digest. And when it invites holders to present their warrants and they do so, and the court acts upon them and there is no appeal taken from its judgment, the action is as binding in all respects on the county and the warrant-holders as if the call and notice of it had been regular. *Allen* v. *Bankston,* 33 Ark. 744.

"The object of notice or citation in all legal proceedings is to afford to parties having separate or adverse interests an opportunity to be heard. It is not required for the protection of the applicant or suitor." *Mohr* v. *Manierre,* 101 U. S. 425–6.

2. The call of 1877 was ineffectual to bar warrants not presented, because it does not appear that notice of the call was given as required by law. The act under which the call was made requires the order to be published in "newspapers printed and published in this state;" and by the provisions of the act of February 15, 1875, regulating the publication of legal advertisements in newspapers, the order must "be published in some daily or weekly newspaper printed in the county: * * * provided, there be any newspaper printed in the county, having a *bona fide* circulation therein, which shall have been regularly published in said county for the period of one month next before the date of the first publication of said advertisement." The act of 1875 further provides that "the affidavit of any editor, publisher, or proprietor, or the principal accountant, of any newspaper *authorized by this act to publish legal advertisements,* to the effect that a legal advertisement has been published in his paper for the length of time and number of insertions it has been published, with a printed copy of such advertisement appended thereto, subscribed before any officer of this state authorized to administer oaths, *shall be the evidence* of the publication thereof as therein set forth."

The order was published in two papers published in the county, but the proofs of publication do not state the papers, or either of them, had

a *bona fide* circulation in the county, or that they had been published in the county for the period of one month next before the date of the first publication of the order. Publication of the order in a paper not "authorized," in the language of the act, "to publish legal advertisements," is a nullity; and whether the paper has the circulation, and has been published in the county for the period required by the statute, to authorize the publication of legal notices in its columns, are questions of fact to be proven in the mode provided by the statute for proving the fact of publication. Proof of these facts is a necessary part of the proof of publication, and it must be made by some one of the persons authorized to make the affidavit to the fact of publication.

The persons authorized by the statute to make this affidavit are limited to those whose relation to the paper in which the publication is made is such as to afford them personal knowledge of the facts required to be proven, and the statute in terms declares the affidavits of such persons "shall be the evidence of the publication." That all other methods of proof were intended to be excluded, is shown by the fact that the act repeals all prior acts which authorized other methods of proof. Besides, it is quite obvious that one principal object of the act of 1875 was to secure beyond any contingency the payment of the printer's fee for publishing the advertisement; and this is accomplished by making his affidavit the only legal evidence of the publication, and then providing he shall not be required to make the affidavit until his fee for publishing the advertisement is paid.

It is a rule without qualification or exception, that when it is sought to conclude a party by constructive service, by publication, a strict compliance with the requirements of the statute is required; nothing can be taken by intendment; and every fact necessary to the exercise of jurisdiction based on this mode of service must affirmatively appear in the mode prescribed by the statute. *Gray* v. *Larrimore,* 4 Sawy. 638, 646; *Steinbach* v. *Leese,* 27 Cal. 295; *Staples* v. *Fairchild,* 3 N. Y. 43; *Payne* v. *Young,* 8 N. Y. 158; *Hill* v. *Hoover,* 5 Wis. 371; *Galpin* v. *Page,* 3 Sawy. 93; S. C. 18 Wall. 350; *Settlemier* v. *Sullivan,* 97 U. S. 444.

It is not competent for this court to receive parol testimony to supply the omission. *Gray* v. *Larrimore, supra; Noyes* v. *Butler,* 6 Barb. 617; *Lawry* v. *Cady,* 4 Vt. 506.

The record of the county court contains this recital: "From said return [sheriff's] the court doth find that due and sufficient and legal

notice of the calling in of the outstanding warrants of said county has been given."

The return here referred to is spread at large upon the record of the county court in the proceedings under the call, and is made part of it, and discloses on the face of it the defect in the proof of publication which we have pointed out. Where, as in this case, the proceedings are had under special statutory authority, not according to the course of the common law, the recital of due notice must be read in connection with that part of the record which gives the official evidence prescribed by statute. No presumption will be allowed that other or different evidence was produced, and if the evidence in the record will not justify the recital it will be disregarded. *Settlemier* v. *Sullivan*, 97 U. S. 444; *Galpin* v. *Page*, 18 Wall 350.

McCRARY, C. J., concurs.