NEVADA COUNTY *v.* WILLIAMS.

Opinion delivered April 30, 1904.

1. COUNTY—SUITS BY AND AGAINST.—Acts 1879, p. 13, repealing certain laws authorizing counties to sue and be sued, had reference solely to the prosecution of demands against and in favor of counties, and did not apply to an action to quash an order of the county court calling in county warrants. (Page 396.)

2. CERTIORARI—WAIVER OF ISSUANCE OF WRIT.—Where, in an action of certiorari to quash certain orders of the county court, copies of the records, duly certified, were attached to the complaint, and were introduced at the trial without objection, and no objection was made to the failure to issue a formal writ of certiorari, the issuance of such writ will be treated on appeal as having been waived. (Page 396.)

3. COUNTY WARRANTS—ORDER CALLING IN—NOTICE.—Where the return of the sheriff made to the county court showing what he had done in reference to giving notice of an order calling in county warrants, fails to show that notice of the order was posted at the courthouse door, a finding of the court "that proper returns have been made and proper proofs filed," is void as not sustained by the official evidence in the record. (Page 397.)

4. SAME—PRACTICE AS TO QUASHING ORDER CALLING IN.—Where the proof of notice of an order of the county court calling in county warrants was insufficient, so much of the subsequent order of the court as undertook to bar warrants not presented will be quashed, but so much thereof as affected the rights of parties who appeared and presented their warrants for cancellation and reissuance will not be set aside. (Page 397.)

Appeal from Nevada Circuit Court.

JOEL D. CONWAY, Judge.

Judgment modified.

*Thos. C. McRae* and *G. R. Haynie,* for appellant.

The county and judge thereof cannot be sued.   44 Ark. 227; Acts 1879, p. 13; 25 Am. Rep. 688; 54 Am. Rep. 65; 29 Am. Rep. 80. The circuit court cannot acquire jurisdiction of the county court's record without certiorari. Sand. & H. Dig. § 1125; 30 Ark. 148; 21 Ark. 264; 23 Ark. 107, 228; 33 Ark. 117. The order made on the 22d of October, 1900, did not affect appellee. 33 Ark. 740; 54 Ark. 372; 43 Ark. 226; 52 Ark. 213; 54 Ark. 168; 10 Fed. 888. No excuse for failing to prosecute an appeal was shown. 52 Ark. 213; 54 Ark. 372; 43 Ark. 243; 56 Ark. 85. The presumption is in favor of the correctness of the finding of the court. Sand. & H. Dig. § § 1126, 4191; 68 Ark. 211; 66 Ark. 1. It is sufficient if, from the affidavits, it may be ascertained that all essentials of the notice were given and proved to the county court. 48 Ark. 238; 61 Ark. 259; 53 Ark. 476.

*W. H. Arnold, T. A. Rowland, W. V. Tompkins,* for appellee.

Counties may be sued. 148 U. S. 529; 42 Ark. 118; 43 Ark. 33; 48 Ark. 410. Certiorari was not the only means of conferring jurisdiction. 33 Ark. 117. Warrants are receivable for taxes. 54 Ark. 168. Appellee was not a party, and had no right of appeal. 30 Ark. 578; 52 Ark. 99. There was no notice as required by law. Sand. & H. Dig. § 1004; 27 Wis. 558; 55 Ark. 33; 48 Ark. 244; 55 Ark. 35. There is a difference between the failure of jurisdiction and an erroneous exercise of it when obtained. 47 Ark. 142, 511. Facts which should be of record cannot be proved by parol. 51 Ark. 42.

RIDDICK, J. This is an action brought in the circuit court to quash certain orders of the county court of Nevada county declaring that due notice of an order calling in county warrants had been given, and declaring that all holders of county warrants not presented in accordance with the order "be forever debarred from deriving any benefit from this claim." A duly certified copy of the records of the county court in reference to calling in said county warrants was presented to the circuit court on the trial, and the judge found upon an inspection of same that the order was void, and thereupon adjudged that the same be quashed and set aside.

The county appealed, and the first contention made is that under the act of February 27, 1879, counties are not subject to be sued. But that act has reference solely to the prosecution of demands against counties and in favor of counties, and does not apply to an action to quash a judgment of the kind we have here.

Again, the appellants contend that the court acquired no jurisdiction to quash the order of the county court, because no writ of certiorari was issued, and no certified copy of the record of the proceeding before the county court was returned by the county clerk. But copies of all these records, duly certified by the county clerk, were attached to the complaint, and were introduced on the trial without objection on the part of the defendants. As the defendants made no objection in the circuit court to the failure to issue a formal writ of certiorari, they must now be treated as having waived it.

The return of the sheriff made to the county court, showing what he had done in reference to giving notice of the order calling in the warrants, fails to show that notice of said order was posted at the courthouse door, as required by the statute. It is true that the subsequent order of the county court recites that notice was posted at the courthouse door as required, but this order also "finds that proper returns have been made and proper proofs filed" of said service of notice. This finding of the court that proper returns had been made and proper proofs filed of the service of notice tends to show that the county court, in its finding of the facts constituting service, acted on the returns and proof filed, and, believing that the return and proofs filed recited all the jurisdictional facts showing service of notice, it proceeded to make its findings accordingly. But the return of the sheriff, brought up in the record, shows affirmatively that it does not contain a recital that a copy of the notice was posted at the courthouse door. In special statutory proceedings of this kind "the recital of due notice must be read in connection with that part of the record which gives the official evidence prescribed by the statute. No presumption will be allowed that other or different evidence was produced, and if the evidence in the record will not justify the recital, it will be disregarded." *Cissell* v. *Pulaski County*, 10 Fed. 891, 894; *Settlemier* v. *Sullivan*, 97 U. S. 444; *Gibney* v. *Crawford*, 51 Ark. 34.

Applying that rule in this case, we have to conclude that there was no proof of notice being posted as required by statute before the county court, and that its order reciting that there was such notice is void and of no effect.

We are of the opinion, therefore, that the circuit court did not err in quashing so much of the order of the county court made on the 22d day of October, 1900, as recited due service of notice; but the circuit court went further, and quashed and set aside the entire order, which might affect the rights of a large number of parties who appeared and presented their scrip for cancellation, and had it reissued. This action of the court was uncalled for, and justified the appeal taken. The judgment of the circuit court will be modified so that only so much of the order of October 22 as recites the due service of notice, and

the portion of the order of October 23 which undertakes to bar scrip not presented, will be quashed, and the costs of this appeal will be taxed against the plaintiff.