### Rosemarie E. CHAMBERLAIN *v.*
### NEWTON COUNTY, Arkansas

79-90                                    587 S.W. 2d 4

Opinion delivered September 24, 1979
(Division I)

Appellant, *pro se.*

*Thomas A. Martin, Jr.,* for appellee.

JOHN A. FOGLEMAN, Justice. Appellant Rosemarie E. Chamberlain filed a petition in chancery court against Newton County, alleging that she was the owner of a 40-acre tract of land over which the county had constructed a roadway without any grant from her and without her consent. She sought a mandatory injunction requiring discontinuance of use of the roadway and restoration of her property to its previous state. She also sought compensation for the cost of a survey to determine the actual location of the road, and damages for the displacement of topsoil and destruction of trees which were removed from her land for construction of the roadway.

Newton County filed a motion to quash the service on it, a demurrer and a third party complaint against Thomas E. and Martha James, as owners of lands adjoining those of Ms. Chamberlain. The grounds stated in the demurrer were that appellant had failed to state a cause of action, and that the county was immune from tort liability. The answer consisted of general and specific denials of the allegations of the complaint. In the third party complaint, it was alleged that James had represented to the county that the Jameses were owners

of the land over which the new roadway had been opened, and that Newton County had relied on this representation in constructing the new road. The county sought injunctive relief against the third party defendants for the reopening of an old road across their lands, discontinuance of the use of the new road, restoration of the land on which that road was located to its former condition and a judgment for any amount recovered from the county by appellant.

A hearing was held on January 5, 1978, which resulted in the entry of an order (entitled "temporary order") by the chancery court on February 13, 1978, authorizing the county to open the old road and reciting the agreement of the county to place barricades at each end of the new road. Appellant's attorney filed an amended petition on January 20, 1978, joining in the county's third party complaint. (Appellant asserts that this action was taken against her wishes.) On September 25, 1978, Ms. Chamberlain filed an amended petition alleging that the county was maintaining a nuisance on her property by reason of its failure to restore her land to its original condition and seeking to recover from the county and the third party defendants $2,500 for damages to her land and the cost of a survey she caused to be made.

A hearing was held on October 19, 1978. On November 3, 1978, the chancery court entered an order sustaining the county's demurrer on the ground that the county was immune from tort liability and dismissed appellant's complaint.

Appellant, who is obviously not an attorney, is representing herself on this appeal, and her statement of the case and abstract of the record are inexpertly done, to say the least. We must disregard that part of her statement of the case which is not supported by transcript references and appears to be a narration of a sequence of events preceding the filing of her petition but which is not shown in the record of the proceeding in chancery court. These portions also seem irrelevant to the real issues on this appeal.

No testimony was abstracted and we understand from appellant's statement in her brief, none was heard. Appellant states the following three points for reversal:

## I

THE CHANCERY COURT ERRED IN SUSTAINING THE DEMURRER OF THE DEFENDANT NEWTON COUNTY TO THE COMPLAINT OF THE PLAINTIFF.

## II

THE CHANCERY COURT ERRED IN DISMISSING THE PLAINTIFF'S CASE AS AGAINST NEWTON COUNTY, INASMUCH AS THE COURT HAD GIVEN THE PLAINTIFF PERMISSION TO FILE AN AMENDED COMPLAINT AND THERE WAS NO PLEADING OR DEMURRER FILED AGAINST SUCH AMENDED COMPLAINT.

## III

THE CHANCERY COURT ERRED IN FINDING BY THE RECITATION IN ITS ORDER THAT THE PLAINTIFF'S COMPLAINT WAS AN ACTION IN TORT, INASMUCH AS THE COMPLAINT OF THE PLAINTIFF ALLEGED A CLAIM BASED UPON AN ACTUAL PHYSICAL TAKING OF REAL PROPERTY BY THE COUNTY.

Appellant correctly asserts that, on demurrer, her allegations that Newton County caused a roadway to be constructed over her lands without obtaining any grant of right-of-way or title for that use and purpose and that she had no notice of such taking but discovered it inadvertently are to be taken as true.

If appellant's action be taken as a suit for damages for trespass, the chancery court had no jurisdiction. An action for trespass is in tort. 87 CJS 1007, Trespass, § 56. The chancery court had no jurisdiction of such an action for two reasons. Equity will not take jurisdiction of an action to recover unliquidated damages for tort. *Mannon* v. *R. A. Young*

*& Sons Coal Co.*, 207 Ark. 98, 179 S.W. 2d 457; *District No. 21, United Mine Workers* v. *Bourland*, 169 Ark. 796, 277 S.W. 546; *Spitzer* v. *Barnhill*, 237 Ark. 525, 374 S.W. 2d 811. The county is immune from suit for damages in a tort action. Ark. Stat. Ann. § 12-2901 (Supp. 1977); *Sullivan* v. *Pulaski County*, 247 Ark. 259, 445 S.W. 2d 94; *Chandler* v. *Pulaski County*, 247 Ark. 262, 445 S.W. 2d 96; *Granger* v. *Pulaski County*, 26 Ark. 37.

Even if appellant's complaint be taken not to be an action for trespass, the chancery court had no jurisdiction. If appellant's action was to enjoin the taking of her property for the county road, it was too late, and the issuance of an injunction was beyond the power of the chancery court. Since the entry was physical and visible, it afforded Ms. Chamberlain an opportunity to exact payment, require a guaranteeing deposit or obtain an injunction. *Miller County* v. *Beasley*, 203 Ark. 370, 156 S.W. 2d 791; *Arkansas State Hwy. Com'n.* v. *Rice*, 259 Ark. 190, 532 S.W. 2d 727. Once there had been a physical and visible entry on the lands by the county, and the landowner has stood by and permitted the improvement to proceed until substantial road work had been done, she could no longer resort to injunction, but was relegated to the county's credit for compensation for the taking by the county. *Miller County* v. *Beasley*, supra. See also, *Arkansas State Hwy. Com'n.* v. *Partain*, 192 Ark. 127, 90 S.W. 2d 968; *Federal Land Bank of St. Louis* v. *Arkansas State Hwy. Com'n.*, 194 Ark. 616, 108 S.W.2d 1077. The physical and visible entry on the lands served as notice to the landowner of the taking. *Miller County* v. *Beasley*, supra; *Sloan* v. *Lawrence County*, 134 Ark. 121, 203 S.W. 260. Actual entry on the land at the place where there had previously been no highway has always been held to be actual notice of taking. *Arkansas State Hwy. Com'n.* v. *Scott*, 238 Ark. 883, 385 S.W. 2d 636. The taking was complete when the owner could no longer use the land for its normal and natural purposes. *Arkansas State Hwy. Com'n.* v. *Flake*, 254 Ark. 624, 495 S.W. 2d 855.

The fact that no formal condemnation proceeding had been filed is not significant. When the power of eminent domain exists, and property is taken which might be condemned by the exercise of that authority, mandatory injunction to compel withdrawal is not available to the landowner. *Dobbs* v.

*Town of Gillett,* 119 Ark. 398, 177 S.W. 1141.

When appellant filed her petition for injunction, the construction of the road was an accomplished fact. Her only remedy against Newton County was to file a claim in the County Court of Newton County for just compensation for a completed taking. Exclusive jurisdiction of appellant's claim for compensation is vested in the County Court of Newton County as a matter relating to county roads. Art. 7, § 28, Constitution of Arkansas. The county could not be sued to recover this compensation by inverse condemnation proceedings. Act 16 of 1879; Ark. Stat. Ann. § 17-702 (Repl. 1968). See *State* v. *Hicks,* 48 Ark. 515, 3 S.W. 524; *Nevada County* v. *Williams,* 72 Ark. 394, 81 S.W. 384. See also, *Deason* v. *City of Rogers,* 247 Ark. 1061, 449 S.W. 2d 410. The chancery court had no jurisdiction to grant relief to appellant against the county, so the demurrer was properly sustained and appellant's petition properly dismissed.

The decree is affirmed.

We agree. HARRIS, C.J., and GEORGE ROSE SMITH and HICKMAN, JJ.