**Wayland TAYLOR, Plaintiff,**

v.

**E.W. COCHRAN, Mayor of the City of Corning, Defendant.**

No. J–C–85–7.

United States District Court,
E.D. Arkansas,
Jonesboro Division.

Sept. 16, 1986.

754

Clifford M. Cole, Piggott, Ark., for plaintiff.

Winston Bryant, North Little Rock, Ark., for defendant.

### ORDER

HENRY WOODS, District Judge.

Pending before the Court is Defendants' Motion for Summary Judgment. After a careful review of the pleadings and supporting documents, the Court is convinced that the plaintiff had no property interest cognizable under the fourteenth amendment to the United States Constitution in continued employment with the City of Corning, Arkansas. Such an interest must be grounded in an independent source such as state law or an employment contract, either express or implied. *Board of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972).

Plaintiff has directed the Court to no state law creating a property interest in employment in a case such as this. There was apparently no written contract and the Court can find no substantial evidence of an implied contract. The "Personnel Policies and Employee Handbook," in fact, clearly indicates, on Page Two, that it creates no contractual rights in the employee.

Accordingly, the plaintiff's due process claim must fail as to all defendants, individually and officially. Defendants' motion for summary judgment is granted insofar as the due process claim is concerned.

However, the plaintiff has also stated, somewhat inartfully, a claim based on the first amendment, as applied to the state through the fourteenth amendment. The plaintiff alleges Mayor E.W. Cochran told him that the reason for his being "laid off" was that the plaintiff had supported Mayor Cochran's opponent in the previous election. This allegation is supported by the plaintiff's affidavit appended to his Response to the Motion for Summary Judgment. While the defendants have produced evidence that the plaintiff was laid off for economic reasons, a genuine issue of material fact remains as to whether Mayor Cochran and the plaintiff had the conversation as alleged, and further, whether the force reduction was merely a pretext for what was in fact impermissible political retribution. If the plaintiff were penalized for exercising his first amendment right of association, then his property interest, or lack of it, in continued employment is irrelevant. Neither the defendants' motion for summary judgment, nor the accompanying brief addresses the issue of the allegation of impermissible interference with the plaintiff's first amendment rights.

Defendant Cochran does not contend, nor could he, that he would be entitled to a qualified immunity had he indeed laid off the plaintiff on the basis of whom he supported or voted for in an election. Accordingly, defendant Cochran's motion for summary judgment in his individual capacity is denied.

A suit against a municipal officer in his or her official capacity is tantamount to a suit against the governmental entity itself. *Brandon v. Holt,* 469 U.S. 464, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985). In order to hold the City of Corning liable, the plaintiff must allege that the city had a custom or policy of impermissibly firing or laying off employees on the basis of their political affiliations. No such policy is alleged. Accordingly, summary judgment is granted to all defendants in their official capacities.

Council members in their individual capacities are entitled to absolute immu-

nity when functioning in their legislative capacities. *Lake Country Estates, Inc. v. Tahoe Regional Planning Agency,* 440 U.S. 391, 99 S.Ct. 1171, 59 L.Ed.2d 401 (1979); *Gorman Towers, Inc. v. Bogoslavsky,* 626 F.2d 607 (8th Cir.1980). Clearly the council members in this case were functioning in their legislative capacities when they voted to reduce the force in the water department, which led to the plaintiff's "lay off." Accordingly, Gene Kellett, Edwin Ahrent, Clarence Thomas and Dorothy Johnson are hereby granted summary judgment in their individual capacities.