The Honorable Tom Cooper Prosecuting Attorney Ninth Judicial District Post Office Box 214 Ashdown, Arkansas 71822
Dear Mr. Cooper:
This is in response to a request, made by Deputy Prosecuting Attorney Bryan L. Chesshir, for an opinion with respect to whether a particular ordinance of the Pike County Quorum Court subjects the members of the quorum court, the county, or the utilities regulated by the ordinance to "any type of liability" and "whether such an ordinance is considered legal."
The ordinance, a copy of which was included with the request, requires electric utility companies doing business in Pike County to report monthly to the Pike County Health Department all new electrical service connections made within the county. The Ordinance recites that this reporting system is intended to aid in the enforcement of Act 402 of 1977, the Arkansas Sewage Disposal Systems Act, codified at A.C.A. §§14-236-101 to -118 (1987, Cum. Supp. 1993, and as amended by Act 786 of 1995), which requires that new septic tank systems in Arkansas be inspected by or under the authority of the division of Sanitarian Services of the Department of Health.[1] The Ordinance indicates that the reporting of new electrical connections will aid in the enforcement of Act 402 because most septic systems in new construction or newly-placed mobile homes are placed at or about the time electrical service is connected. The Ordinance provides, in essence, that no report need be made of an electrical connection at a location with respect to which the associated sewage disposal facility is excepted or exempted from the provisions of Act 402. It also provides that the Pike County Health Department may designate areas where reporting will not be required, based upon a determination that each such area has an existing program which assures that Act 402 will be complied with in that area.
I will address your second question first. This office recently issued Op. Att'y Gen. 95-265, a copy of which is enclosed, in which it was concluded that a quorum court's adoption of a similar ordinance was a valid exercise of local legislative authority under Ark. Const. amend.55, § 1. I reached that conclusion even though the request for that opinion did not state to what use the information would be put by the county. Here, Pike County clearly has a valid regulatory purpose in adopting the ordinance, and the conclusion reached in Op. Att'y Gen.95-265 is equally applicable.
With respect to your first question, it is my opinion that no liability for damages will attach to the County, the Quorum Court, or individual members of the Quorum Court in connection with the ordinance. Arkansas Code Annotated § 21-9-301 (Cum. Supp. 1993) provides:
 It is declared to be the public policy of the State of Arkansas that all counties, municipal corporations, school districts, special improvement districts and all other political subdivisions of the state shall be immune from liability and from suit for damages, except to the extent that they may be covered by liability insurance. No tort action shall lie against any such political subdivision because of the acts of its agents and employees.
This statute makes counties immune from tort liability for the acts and omissions of its agents and employees. Bigelow v. Union County,287 Ark. 486, 701 S.W.2d 125 (1985); Chamberlain v. Newton County,266 Ark. 516, 587 S.W.2d 4 (1979). The Supreme Court of Arkansas has held that the statute was intended to grant immunity to political subdivision agents and employees for negligent acts committed in the performance of their official duties. Battle v. Harris, 298 Ark. 241, 766 S.W.2d 431
(1989); Autry v. Lawrence, 286 Ark. 501,696 S.W.2d 315 (1985); Matthews v. Martin,280 Ark. 345, 658 S.W.2d 374 (1983). It has also been held that city council members in their individual capacities are entitled to absolute immunity from damages when functioning in their legislative capacities. See Taylor v. Cochran, 644 F. Supp. 753 (E.D. Ark. 1986). The same should hold true with respect to quorum court members.
With respect to the potential liability of an electric utility subject to the ordinance, it is impossible for me to render a definitive opinion as I am unable to anticipate the acts or omissions of the utility that might be asserted as the basis of any such liability. I do not, however, perceive any potential liability that might regularly arise as a result of a utility's merely complying with the provisions of the ordinance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh
[1] I assume the Department of Health has delegated to the Pike County Health Department certain duties under Act 402, including the duty to make inspections.