2013 Ark. App. 17

**TOWN OF GILBERT, Appellant**

v.

**Benjamin F. FRUEHAUF II, Appellee.**

**No. CA 12–506.**

Court of Appeals of Arkansas.

Jan. 16, 2013.

Rehearing Denied Feb. 27, 2013.

Stephen R. Giles, P.A., Little Rock, by: Stephen R. Giles; Stanley Law Firm, P.A., North Little Rock, by: James W. Stanley, Jr., for appellant.

Martin Law Firm, P.A., Jasper, by: Thomas A. Martin; Johnny L. Nichols, Harrison, for appellee.

LARRY D. VAUGHT, Judge.

This is an appeal from an order granting summary judgment in favor of appellee Benjamin Fruehauf II and denying summary judgment to appellant Town of Gil-

bert regarding a disputed area of land, specifically, Town of Gilbert argues that the trial court erred in its conclusion that the disputed area was not a public street dedicated in the 1903 plat of the town but rather was an abandoned railroad right-of-way that is now owned by Fruehauf. We see no error and affirm the order of the trial court.

On August 19, 1903, Charles Gilbert, trustee, filed a plat of the 1 own of Gilbert. This plat showed streets and alleys on same. However, the area that is the subject of this dispute was neither named nor delineated in the plat. On December 6, 1912, Charles Gilbert, trustee, executed a deed of conveyance (correction) to the Missouri and North Arkansas Railroad Company, an Arkansas corporation, which was filed with the Searcy County recorder on January 14, 1913. The Town of Gilbert was incorporated on February 13, 1913. The Missouri and North Arkansas Railroad Company published a station and track map delineating the railroad right-of-way through the Town of Gilbert. The disputed area in this case has been fenced by Fruehauf and his predecessors in title since "about 1948" when public use ceased.

The disputed land is located along the southern and eastern boundary of the Town of Gilbert, which abuts the former Missouri and North Arkansas Railroad track (operational until the 1940s). The Buffalo River lies to the southeast of the tract (formerly owned by the railroad), and is now owned by the federal national-park system. The question on appeal is simply whether the disputed area is a dedicated city street or an abandoned railroad right-of-way, which was abandoned to the abutting landowner when the railroad ceased to function in the 1940s.

This case was decided on cross-motions for summary judgment and our law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. *Gallas v. Alexander*, 371 Ark. 106, 263 S.W.3d 494 (2007). Once the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Stromwall v. Van Hoose*, 371 Ark. 267, 265 S.W.3d 93 (2007). On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Id.* at 278, 265 S.W.3d at 102. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.*, 265 S.W.3d at 102. Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Id.* at 279, 265 S.W.3d at 102.

A dedication has been defined as the donation of land or the creation of an easement for public use. A dedication may be accomplished by express written instrument, or often by maps or plats. Flats or instruments by which dedications are made are construed as any other writing to ascertain and give effect to the intention of the dedicator. Plats should be construed fairly and reasonably, and unambiguous language should be given its manifest meaning.

*City of Cabot v. Brians*, 93 Ark.App. 77, 80–81, 216 S.W.3d 627, 629 (2005) (internal citations omitted). There are two required elements for a valid dedication—the owner must appropriate the property specifically to its intended use, and the public must accept the land. *City of Sherwood v. Cook*, 315 Ark. 115, 865 S.W.2d 293 (1993).

Here, it is undisputed that the plat for the Town of Gilbert was filed and that afterward lots in the town were sold. However, there is no evidence that the disputed area was ever dedicated as a road. In looking at the plat, certain roads were named, however, the disputed area (which has come to be known as Spring Street) was not outlined in the original plat as a road. Also, in the subsequent correction deed the disputed area is treated not as a road but as a right-of-way.

Furthermore, an essential element of dedication is an intent on the part of the owner to dedicate. If such an intent cannot be found in the facts and circumstances of the particular case, no dedication can exist. *Ayers v. State,* 59 Ark. 26, 26 S.W. 19 (1894). Further the sufficiency of the dedication must be determined by looking at the whole of the plat. *Id.* at 30–31, 26 S.W. at 19. Here, the trial court relied heavily on its review of the plat. The court found that because all streets were named in the plat—yet the disputed area was not—there was no intent to dedicate. The trial court further noted that this lack of intent to dedicate was reaffirmed in the second correction deed.

The Town of Gilbert responds on appeal that the failure to name a street will not necessarily defeat dedication. This is correct. There can be an implied dedication. In *City of Cabot v. Brians,* 93 Ark.App. 77, 83–84, 216 S.W.3d 627, 631 (2005), we concluded that because an easement parcel shown on the plat was intended for public use, the plat and bill of assurance that referred to the dedication of "streets and easements" was sufficient to constitute a dedication of the parcel even though the parcel was not identified on the plat as a street. We also noted that the bill stated that the owners of the subdivision lots took title subject to the right of public utilities "and the public," and that the dimensions of the easement were consistent with the city's other streets. *Id.,* 216 S.W.3d at 631.

In contrast, here, the disputed land is neither referenced nor identified as a street, although all other streets are named and identified in the plat. Additionally, the disputed area is 200' wide, whereas all other streets identified in the plat are 50'. The persuasiveness or the lack of the donor's intent to dedicate the disputed area as a street is further amplified by the fact that the plat states its intent of "showing streets and alleys on same," and in a subsequent deed, Gilbert, trustee, deeded part of the disputed area away. This is a strong indicator that he had no intention of dedicating the area as a city street the year earlier. furthermore, there was a railroad built through the center of the 200' strip, which supports the trial court's conclusion that the donor's true intent was to build a railroad through the disputed land, not to dedicate it as a street to the city—that the disputed area was nothing more than a railroad right-of-way, allowing roads and people to access the donor's railroad operation.

Without a dedication, this case becomes very simple. If the Town of Gilbert cannot show a dedication of the land as a street or a prescriptive easement, then its whole case rests not on the strength of the town's title, but on the weakness of Fruehauf's. However, the evidence shows that public use on the east half of the former railroad right-of-way ceased in the 1940s when it was fenced by Fruehauf's predecessors in title. The public use of the area transferred to the west half of the right-of-way, on the railroad-bed area. A the facts stand, regardless of whether at some prior point in time the Town of Gilbert could have had a claim to a prescriptive easement, any such claim has long since been abandoned. Because the evidence sup-

ports the trial court's conclusion that the area was never dedicated as a public street and there is no question of material fact left unresolved, we affirm the trial court's decision to award summary judgment in Fruehauf's favor and deny Gilbert's summary-judgment claim.

Affirmed.

GLADWIN, C.J., and GLOVER, J., agree.