SLIP OPINION

Cite as 2015 Ark. App. 207

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-14-819

JOHNNY HINCHEY, SEARCY
COUNTY JUDGE

APPELLANT

V.

DUFORD TAYLOR, ROSALEE
TAYLOR, JIM TAYLOR, CORRINE
TAYLOR, BRENT TAYLOR, and
ROBIN TAYLOR

APPELLEES

Opinion Delivered April 1, 2015

APPEAL FROM THE SEARCY
COUNTY CIRCUIT COURT
[NO. 65CV-10-60]

HONORABLE ALAN DAVID EPLEY,
JUDGE

AFFIRMED

## M. MICHAEL KINARD, Judge

Appellant, Searcy County Judge Johnny Hinchey, appeals from an injunction and monetary judgment entered against him in favor of appellees, the Taylors. Judge Hinchey argues that the circuit court lacked jurisdiction and erred in failing to find that his actions were authorized as county judge. We affirm.

Appellees, landowners in Searcy County, filed suit against Hinchey individually and in his official capacity as county judge of Searcy County. Appellees alleged that Hinchey had unlawfully removed a cattle guard at the entrance to Circle H Road, which passed through appellees' property. Appellees also alleged that Hinchey had trespassed on their property and removed a gate in order to build a road across their property to Tucker Cemetery. Appellees sought for Hinchey to be enjoined and restrained from entering their property and to be ordered to replace the cattle guard. They sought compensatory damages for rentals upon

their lands and punitive damages for violation of their civil rights under the Arkansas Constitution.

At the initial trial on the case, the circuit court determined that the case should be remanded to the Searcy County Court to determine whether Circle H Road was a county road. The parties were allowed to file briefs on this matter, and the court subsequently entered an order finding that remand would be in error. The case proceeded toward trial, and Hinchey filed a motion to dismiss the complaint, alleging lack of subject–matter jurisdiction, failure to state facts upon which relief could be granted, and immunity.

Following a bench trial, the circuit court entered judgment on June 24, 2014. The court granted Hinchey's motion to dismiss as to his liability as an individual but denied the motion as to his official capacity. The court found that the portion of Circle H Road at issue was a public road, noting that Searcy County had routinely for many years graded the road. However, the court found that there had been no formal action taken in compliance with the law to make it a county road. The court found that appellees had a property right to have the cattle guard in the road and in their fence line and that County Judge Hinchey's removal of the cattle guard was a taking of property without compensation and a violation of appellees' civil rights. The court issued a mandatory injunction requiring Judge Hinchey to replace the cattle guard. The court denied appellees' request for damages for the loss of use of their field due to removal of the cattle guard, finding that they had failed to offer evidence of the correct measure of damages.

The court found that Judge Hinchey had constructed a new road on appellees'

2

property to access Tucker Cemetery and had placed a new gate in the fence around the cemetery. The court found that these actions constituted a taking of appellees' property without due process and violated their civil rights. The court awarded appellees judgment of $1500 to cover the costs of removing the gravel, reseeding the roadway, and reinstalling the gate. In addition, Judge Hinchey was ordered to remove the new gate installed in the cemetery fence and restore the fence to its previous condition where it bordered appellees' property.

On appeal, Judge Hinchey first argues that the circuit court lacked subject-matter jurisdiction over this case because it involved county-road matters. Judge Hinchey cites article 7, section 28 of the Arkansas Constitution, which provides that the county courts shall have exclusive original jurisdiction in "all matters relating to county . . . roads." He also relies on our supreme court's opinion in *Chamberlain v. Newton County*, 266 Ark. 516, 587 S.W.2d 4 (1979), where appellant alleged that the county had constructed a road over her property. The supreme court held that jurisdiction of a claim against the county for just compensation for a completed taking was vested in the county court as a matter relating to county roads. In the case before us, however, appellees were not seeking just compensation for the taking of their property.

In *Passmore v. Hinchey*, 2010 Ark. App. 581, 379 S.W.3d 497, we held that the circuit court had jurisdiction over a suit alleging that the county judge had intentionally trespassed over a private road, that he had violated appellant's civil rights, and that he had illegally used county funds to maintain and improve private property. Similarly, in this case, appellees

were seeking to enjoin and restrain Judge Hinchey from trespassing on their private property and violating their civil rights. Appellees also alleged that Judge Hinchey unlawfully removed the cattle guard in Circle H Road. As explained below, Circle H Road was not a county road. We conclude that the circuit court had subject–matter jurisdiction over this case because it was not a matter relating to county roads.

Judge Hinchey next argues that he had the authority to remove the cattle guard because it was in a county road. He contends that the circuit court erred in failing to find that Circle H Road had been transformed from a public road to a county road pursuant to a 1983 ordinance enacted by the Searcy County Quorum Court. Among other things, this ordinance purported to define county roads as "any existing road in Searcy County, Arkansas which has been maintained by the Searcy County Road Department on or after January 1, 1982." The ordinance was approved by the county judge at the time, appellee Duford Taylor. Judge Hinchey also points to a 2012 ordinance approved by him during the pendency of this action. This ordinance amended the 1983 ordinance and purported to prove ownership of established county roads by attaching a list of established roads, including Circle H Road, and a county road map. Judge Hinchey contends that these ordinances comply with the statutory method of designating a county road found in Arkansas Code Annotated section 27-66-207 (Repl. 2010). This statute provides in part that

> [t]he county judge in his or her discretion may designate as a county road any street or road dedicated to the public as a public thoroughfare, provided that a bill of assurance making the dedication is properly recorded.

We agree with appellees that Judge Hinchey has failed to prove compliance with this

statute. A dedication has been defined as the donation of land or the creation of an easement for public use, which may be accomplished by express written instrument, or often by maps or plats. *Town of Gilbert v. Fruehauf*, 2013 Ark. App. 17, 425 S.W.3d 816. There was no evidence that Circle H Road had been dedicated to the public or that a bill of assurance had been recorded, as required by Arkansas Code Annotated section 27-66-207. Nor has Judge Hinchey shown compliance with any of the other methods by which a county road may be created. *See Arkansas Game & Fish Commission v. Lindsey*, 292 Ark. 314, 730 S.W.2d 474 (1987) (county roads, as distinguished from public roads by prescriptive right, may be created when a landowner dedicates a right-of-way to the county; when a county condemns and pays for the right-of-way; and when a county judge enters an order, after notice, declaring a mail route or a school bus route a county road). The standard of review on appeal from a bench trial is not whether there is substantial evidence to support the findings of the circuit court, but whether the circuit court's findings were clearly erroneous or clearly against the preponderance of the evidence. *City of Rockport v. City of Malvern*, 2010 Ark. 449, 374 S.W.3d 660. We hold that the circuit court's finding that Circle H Road was not a county road is not clearly erroneous.

Judge Hinchey also contends that he did not exceed his authority with regard to the road to the cemetery. He argues that a road across appellees' property to the cemetery already existed and that he was merely maintaining it pursuant to Arkansas Code Annotated section 14-14-812(b) (Repl. 2013). This statute provides in part that the county judge is authorized to improve and maintain any roads across public or private lands used or to be

used for access to a cemetery, and the access roads shall be constructed to a standard and nature to permit their use by automobiles.

Judge Hinchey argues that satellite photographs and witnesses' testimony demonstrated that there was an existing road through appellees' property leading to the cemetery. Judge Hinchey did present testimony that a road to the cemetery existed on appellees' property; however, appellees presented conflicting testimony that there was no road through their pasture until Judge Hinchey constructed one. Facts in dispute and determinations of credibility are solely within the province of the fact-finder. *City of Rockport*, *supra*. The circuit court was in the superior position of observing the witnesses' testimony and the locations witnesses pointed to on satellite photographs in describing the existence or nonexistence of a road. We cannot say that the circuit court's finding was clearly erroneous.

Affirmed.

ABRAMSON and VAUGHT, JJ., agree.

*Matthews, Sanders & Sayes*, by: *Doralee Chandler* and *Gail O. Matthews*, for appellant.

*The Blagg Law Firm, P.A.*, by: *Ralph J. Blagg*, for appellees.