2015 Ark. App. 237

**Alvester BINGHAM, Appellant**

v.

**C & L ELECTRIC COOPERATIVE, a Corporation, Appellee**

**No. CV–13–969**

Court of Appeals of Arkansas, DIVISIONS I & II.

Opinion Delivered April 15, 2015

Jack R. Kearney, for appellant.

Friday, Eldredge & Clark, LLP, by: James C. Baker, Jr., and Kimberly D. Young, Little Rock, for appellee.

RITA W. GRUBER, Judge

Alvester Bingham brings this appeal from an order of the Desha County Circuit Court granting C & L Electric Cooperative's motion for summary judgment and dismissing Bingham's complaint for trespass and conversion. The circuit court found that appellee had acquired a prescriptive easement across appellant's property for the purpose of maintaining and operating an electrical-distribution line. On appeal, appellant argues that the circuit court erred in granting summary judgment because there was a genuine issue of material fact regarding whether appellee's use was adverse or permissive. We find no error, and we affirm the circuit court's order.

Appellant purchased a small home and thirty-two acres in Kelso, Arkansas, from his aunt and uncle fifteen to twenty years before the hearing in this case. The land had been in his family for at least fifty years. Appellant had never lived on the property and had always leased it to a tenant. Ray Smith had leased the property from appellant since 1996. Undisputed evidence indicated that appellee's distribution line had run across the front of this property for over thirty years. Appellant testified by deposition that as long as he could remember, appellee had been "topping" the trees that were interfering with the line every five or ten years. The dispute in this case arose in October 2011 when appellee cut down a large oak tree, a persimmon tree, and several smaller trees that were interfering with the distribution line. Appellee left stumps and debris scattered in the yard.

Appellant filed a complaint against appellee, alleging that the trees had been planted fifty or sixty years earlier by appellant's grandmother and were of great sentimental value to the family. Appellant alleged that appellee had no authority to remove the trees and that appellant had been deprived of the enjoyment of the trees, the value of the lumber, and the historical significance of the trees. He alleged causes of action for conversion, trespass, and conspiracy.

Appellee filed an answer denying the allegations. Appellee also filed a motion for summary judgment, alleging that the undisputed facts established that appellee had a valid, prescriptive utility easement that permitted it to remove the trees and that appellant was barred by the seven-year statute of limitations from seeking relief. It attached an affidavit of Robert Rupe, appellee's right-of-way supervisor, who stated that appellee's line running across appellant's property had been there for over thirty years, that the line provided power to approximately thirty-five accounts, and that appellee's employees had top-trimmed the oak tree and the persimmon tree numerous times before cutting them down, but the trees repeatedly grew back and interfered with the line each time. He stated that the trees had become more difficult to trim because earlier trimmings had caused large knots to form in the wood and the branches to grow more densely than before. He said that the trees had been identified as problem trees directly in the right-of-way. Appellee also attached appellant's deposition, Ray Smith's deposition, pertinent national safety rules, U.S. Department of Agriculture right-of-way-clearing specifications, and photos of the distribution line on appellant's property. Appellant responded but attached no documents or evidence to his response. His brief included attached

excerpts from his deposition and Ray Smith's deposition.

The circuit court granted appellee's motion for summary judgment, finding that appellant had been aware of appellee's open, obvious, and adverse use of his property for more than the statutory seven-year period and that appellee had acquired a ten-foot easement by prescription on either side of its line for the purpose of maintaining and operating an electrical-distribution line. The court also found that all of the trees removed were within appellee's right-of-way and that their removal was necessary for public safety. The court reasoned at the hearing that appellant had acknowledged that appellee had "topped off" the trees from time to time over the last thirty or forty years and noted that the evidence showed that appellant acquiesced in this activity and that those he "inherited the property from" had also acquiesced. The court found that appellant failed to produce evidence to meet proof with proof.

Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated and the party is entitled to judgment as a matter of law. *Gallas v. Alexander*, 371 Ark. 106, 114, 263 S.W.3d 494, 501 (2007). Once ⌊₄the moving party has established a prima facie entitlement to summary judgment, the opposing party must meet proof with proof and demonstrate the existence of a material issue of fact. *Stromwall v. Van Hoose*, 371 Ark. 267, 279, 265 S.W.3d 93, 102 (2007). On appellate review, we determine if summary judgment was appropriate based on whether the evidentiary items presented by the moving party in support of the motion leave a material fact unanswered. *Town of Gilbert v. Fruehauf*, 2013 Ark. App. 17, at 2, 425 S.W.3d 816, 817. We view the evidence in a light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* at 3, 425 S.W.3d at 817. Our review focuses not only on the pleadings, but also on the affidavits and documents filed by the parties. *Id.*

On appeal, appellant contends that the court erred in granting summary judgment because appellee failed to establish that its use of appellant's property was adverse rather than permissive. He argues that the evidence merely showed that appellee accessed the property over the years solely to trim trees and maintain its distribution lines. He claims that access was never granted for any other purpose. He also argues that no one, including appellant, complained about this use or attempted to prevent it and, thus, that the use was permissive.

In Arkansas, it is generally required that one asserting an easement by prescription show by a preponderance of the evidence that one's use has been adverse to the true owner and under a claim of right for the statutory period. *Owners Ass'n of Foxcroft Woods, Inc. v. Foxglen Associates*, 346 Ark. 354, 363–64, 57 S.W.3d 187, 193 (2001). The statutory period of seven years for adverse possession applies to prescriptive easements. *Id.* Although appellant is correct ⌊₅that permissive use of an easement cannot ripen into an easement by prescription without clear action placing the owner on notice of the adverse use, an owner of land in Arkansas may create an easement by prescription over his property if he acquiesces in the use by another of his land for a right-of-way, consenting to such use by silence or passive assent. *See Fullenwider v. Kitchens*, 223 Ark. 442, 266 S.W.2d 281 (1954); *Kelley v. Westover*, 56 Ark. App. 56, 938 S.W.2d 235 (1997).

In *Fullenwider,* our supreme court explained,

> Where there is usage of a passageway over land, whether it began by permission or otherwise, if that usage continues openly for seven years after the landowner has actual knowledge that the usage is adverse to his interest or where the usage continues for seven years after the facts and circumstances of the prior usage are such that the landowner would be presumed to know the usage was adverse, then such usage ripens into an absolute right.

*Fullenwider,* 223 Ark. at 446, 266 S.W.2d at 283. We explained the concept of acquiescence in this context as follows:

> The foundation of a right by prescription is acquiescence of the owner of the servient tenement in the acts relied on to establish the easement by prescription. Acquiescence is here used in its ordinary sense; it does not mean license or permission in the active sense, but means passive assent or submission, quiescence, or consent by silence.

*Kelley,* 56 Ark. App. at 59, 938 S.W.2d at 236 (quoting 25 Am.Jur.2d, *Easements and Licenses* §§ 72 & 73 (1996)). In *Sebastian Lake Developments, Inc. v. United Telephone Co.,* our supreme court affirmed a judgment finding a prescriptive easement in favor of a telephone company, holding that the telephone company proved its use was adverse where

> [t]he lines and poles were visible; the company's employees entered when necessary to repair and service the poles. Appellee's acts, over a long period of years, were entirely consistent with the acts of one who claims an easement—and these acts had been observed by company representatives, and certainly could have been seen by prior owners of the property.

240 Ark. 76, 82, 398 S.W.2d 208, 212 (1966); *see also Dixie Furniture Co. v. Ark. Power & Light Co.,* 19 Ark. App. 160, 718 S.W.2d 120 (1986) (affirming finding of prescriptive easement where transmission lines and a tower had been on subject property for years and appellant and predecessors in title knew or should have known lands were being used adversely).

Here, there was no dispute that appellee's distribution line was visible and ran across the front of appellant's property. Appellant presented no affidavit or other documentation showing that appellee's placement of poles and lines on the property was by agreement or otherwise permissive or that the parties had limited the scope or manner in which appellee could maintain its equipment. Nor was there any dispute that the poles and lines had been there for over thirty years. Appellant testified that appellee had topped off the trees regularly for the past thirty to forty years and that when he was a teenager he remembered seeing where appellee had come and topped them off every five or ten years. Appellant admitted that he had always known of the distribution lines and that appellee regularly trimmed the trees around the lines. His tenant since 1996, Ray Smith, testified by deposition that he had seen evidence of appellee's trimming and maintenance of the trees surrounding its lines several times after ice storms over the years. He also had seen appellee work on the lines and inspect the poles to maintain them. There was no evidence that appellant or his predecessors had ever spoken to anyone who worked for appellee about the lines.

After reviewing the evidence presented and the applicable law, we affirm the circuit court's grant of summary judgment, finding no genuine issue of material fact on

the existence of appellee's prescriptive easement.

Affirmed.

Abramson, Glover, and Hixson, JJ., agree.

Hoofman, J., concurs.

Virden, J., dissents.

Cliff Hoofman, Judge, concurring.

I agree with the majority opinion's decision to affirm this case but would do so on the ground that appellant has failed to challenge an independent and alternative basis for the circuit court's grant of summary judgment. Thus, I must respectfully concur.

In appellant's complaint, he sought to recover an "undetermined" amount of damages for the trees cut down by appellee. Appellee's motion for summary judgment alleged that appellant had failed to raise any genuine issue of material fact as to his claims and that appellee was entitled to judgment as a matter of law on each and every count in the complaint. Appellee also noted in its brief attached to the motion that appellant had not alleged any damage to the property due to the removal of the trees or that the removal had affected the fair market or rental value of the property.

At the summary-judgment hearing, the circuit court asked appellant's counsel about what he anticipated his client would testify regarding the value of the trees, and counsel replied that they had no evidence as to their value at that time. At the conclusion of the hearing, the circuit court stated that it was inclined to grant summary judgment because there was no cause of action here, and "further, . . . even in court here, the Plaintiff was unable to give this Court, as he was unable to in his deposition, any indication as to the value." Consistent with these findings, the circuit court's order granting summary judgment stated in pertinent part:

11. Alvester Bingham failed to produce any counter-affidavits rebutting Robert Rupe's testimony and has failed to meet proof with proof. The undisputed evidence of record demonstrates that C & L Electric had an easement by prescription across Alvester Bingham's property, that it had a right and duty to maintain vegetation growing within its easement, and that the C & L's experience plus consideration of public safety and service required the removal of the trees complained of by the Plaintiff.

12. Alvester Bingham was unable to provide this Court with any proof of the value of the trees during the August 5, 2013, summary judgment hearing. Therefore, the Court also finds that Plaintiff failed to present the Court with any evidence that it was damaged by the Defendants' conduct.

13. Therefore, the Court finds that there are no genuine issues of material fact and that C & L Electric Cooperative and John Does 1 through 3 are entitled to judgment as a matter of law.

On appeal from the circuit court's grant of summary judgment, appellant challenges only the court's finding that appellee had an easement by prescription over his property. He does not address the second basis for the circuit court's decision, which was that he had failed to prove damages from appellee's conduct. Where an appellant does not challenge a trial court's independent and alternative basis for its ruling, we must summarily affirm without addressing the merits of either basis. *See, e.g., Traveler's Cas. & Sur. Co.*

*v. Sweet's Contracting, Inc.*, 2014 Ark. 484, 450 S.W.3d 229; *Duke v. Shinpaugh*, 375 Ark. 358, 290 S.W.3d 591 (2009); *Coleman v. Regions Bank*, 364 Ark. 59, 216 S.W.3d 569 (2005); *Fairpark, LLC v. Healthcare Essentials*, 2011 Ark. App. 146, 381 S.W.3d 852. I would therefore summarily ⌊9affirm the circuit court's decision without addressing the merits of appellant's argument on appeal.

Bart F. Virden, Judge, dissenting.

I must respectfully dissent. The appellee and defendant below, C & L Electric, initially requested that this case be heard by a jury. Thereafter, C & L filed a motion for summary judgment alleging that there were no material facts to be decided by a jury sitting as fact-finder, and its motion was granted by the trial court.

On appeal, we review the appropriateness of a summary judgment based on whether the evidentiary items presented by the moving party leave a material fact unanswered. *Wilcox v. Wooley*, 2015 Ark. App. 56, 454 S.W.3d 792. We view the evidence in the light most favorable to the party against whom the motion was filed, resolving all doubts and inferences against the moving party. *Id.* The object of summary-judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever, the motion should be denied. *Bomar v. Moser*, 369 Ark. 123, 251 S.W.3d 234 (2007).

The crux of Bingham's lawsuit is that C & L had been using his property for many years with permission and that its use did not become adverse until C & L removed his trees. Mere permissive use of an easement cannot ripen into an adverse claim without clear action, which places the owner on notice. *Reynolds v. GFM, LLC*, 2013 Ark. App. 484, 429 S.W.3d 336. Some circumstance or act in addition to, or

in connection with, the use, which indicates that the use was not merely permissive, is required to establish a right by prescription. *Id.* In ⌊10other words, absent some drastic event, one cannot adversely possess that which he holds by permission.

The determination of whether a use is adverse or permissive is a factual question. *Horton v. Taylor*, 2012 Ark. App. 469, 422 S.W.3d 202. A factual issue exists, even if the facts are not in dispute, if the facts may result in differing conclusions as to whether the moving party is entitled to judgment as a matter of law. *Wilcox, supra.* It was C & L's burden to prove by a preponderance of the evidence that its use was adverse and not permissive. *See Horton, supra.*, None of the affidavits or evidence submitted by C & L bore on *the* fact in dispute, i.e., whether C & L's long-standing use of Bingham's property was adverse, as opposed to permissive. As such, a material issue remained to be decided by a jury. A jury could conclude that C & L's entry upon Bingham's land from time to time to maintain its electrical distribution line was not an action sufficient to put Bingham on notice that its use had graduated from permissive to adverse. After all, C & L's use benefited Bingham and the entire community. A jury could further conclude that C & L's use of Bingham's land did not become adverse until C & L took the drastic measure of removing Bingham's trees.

I must hasten to add that, had this case been tried to the court as the fact-finder with only the evidence presented in the summary-judgment proceedings, I might well have agreed with the majority and the outcome they have ratified. But it wasn't. The majority opinion should serve as a warning to any property owner considering allowing another, especially a utility

company, to have access and use of his property.