Cite as 2025 Ark. 13

# SUPREME COURT OF ARKANSAS

**No.** CV–23–169

EAST MACEDONIA BAPTIST
CHURCH, INC.; AND CLIFTON
HAYES

                              APPELLANTS

V.


TODD ALLEN PETTIT AND THE
STRACENER FAMILY REVOCABLE
TRUST, DAVID STRACENER,
TRUSTEE

                              APPELLEES

**Opinion Delivered:** February 27, 2025

<u>DISSENTING OPINION FROM
DENIAL OF PETITION FOR
REVIEW</u>.

---

**NICHOLAS J. BRONNI, Associate Justice**

I would grant the petition for review because our case law on prescriptive easements

is unclear. *See* Ark. Sup. Ct. R. 1-2(b)(5).

Start with this Court's oft-repeated prescriptive easement standard from *Fullenwider*

*v. Kitchens*, 223 Ark. 442, 266 S.W.2d 281 (1954). There, we declared that:

> Where there is usage of a passageway over land, whether it began by
> permission or otherwise, if that usage continues openly for seven years after
> the landowner has actual knowledge that the usage is adverse to his interest
> or where the usage continues for seven years after the facts and circumstances
> of the prior usage are such that the landowner would be presumed to know
> the usage was adverse, then such usage ripens into an absolute right.

*Id*. at 446, 266 S.W.2d at 283.

That's not a standard; it's a run-on sentence. And while courts regularly quote that

passage, it doesn't appear anyone has ever seriously attempted to explain what it means. *See*

*Carson v. Drew County*, 354 Ark. 621, 626, 128 S.W.3d 423, 426 (2003) (reiterating the *Fullenwinder* standard without any explanation or analysis); *Owners Ass'n of Foxcroft Woods, Inc. v. Foxglen Assocs.*, 346 Ark. 354, 365, 57 S.W.3d 187, 194 (2001) (same); *Wade v. Moody*, 255 Ark. 266, 269, 500 S.W.2d 593, 594 (1973) (same); *Weigel v. Cooper*, 245 Ark. 912, 916, 436 S.W.2d 85, 88 (1969) (same); *Sebastian Lake Devs., Inc. v. United Tel. Co.*, 240 Ark. 76, 82–83, 398 S.W.2d 208, 212 (1966) (same); *Cupp v. Light Gin Ass'n*, 223 Ark. 565, 570, 267 S.W.2d 516, 519 (1954) (same).

At best, our case law appears to hold that a prescriptive easement exists where a non-owner's use has: (1) been open; (2) been continuous; (3) been adverse; and (4) lasted at least seven years. *See Duty v. Vinson*, 228 Ark. 617, 624, 309 S.W.2d 318, 322 (1958). And it's clear that many cases—like this one—ultimately turn on whether the use was adverse. Yet the case law on adversity is hardly uniform. To be sure, cases find adversity lacking where a property owner gives a user explicit permission (verbal or written) to use an easement. *See Wilson v. Schuman*, 90 Ark. App. 201, 205–06, 205 S.W.3d 164, 167–68 (2005). By contrast, cases find adversity exists—but perhaps not continuity—where a landowner actively attempts to exclude a non-owner's use by, for example, obstructing the passageway or putting up "no trespass" signs. *See Kelley v. Westover*, 56 Ark. App. 56, 58, 938 S.W.2d 235, 237 (1997).

Yet courts hardly apply a uniform standard to resolve adversity questions, where, like here, a landowner simply acquiesces. For instance, some lower court cases hold that passively assenting to prolonged use satisfies the adversity element. *See Bingham v. C & L Elec. Coop.*, 2015 Ark. App. 237, at 4–5, 459 S.W.3d 831, 833 (finding adversity where

distribution lines and poles were present for thirty years without express permission or an attempt to remove them); *Johnson v. Jones*, 64 Ark. App. 20, 26–27, 977 S.W.2d 903, 906 (1998) (finding adversity where homeowners used and maintained an adjoining church driveway in plain view without objection for over twelve years).  But others suggest more is required.  *See Pop-A-Duck, Inc. v. Gardner*, 2022 Ark. App. 88, at 17–18, 642 S.W.3d 220, 231-32 (acknowledging acquiescence cases but finding that they are not binding because prescriptive easement cases are fact-specific).  We have yet to squarely address that question. *See Owners Ass'n of Foxcroft Woods,* 346 Ark. at 365, 57 S.W.3d at 194 (2001) (citing court of appeals case law and suggesting *sans* analysis that "acquiescence to" some unspecified period of "longtime use" could demonstrate adversity).  And that lack of clarity is hardly limited to the adversity element.  *See Five Forks Hunting Club, LLC v. Nixon Fam. P'ship*, 2019 Ark. App. 371, at 19–23, 584 S.W.3d 685, 696–98 (articulating at least two different rules for prescriptive easements with varying elements and analyzing the continuity element without a clear standard).

Ultimately, the only thing clear from the case law is that so long as the standard remains unclear lower courts enjoy virtually unfettered discretion to decide prescriptive easement claims.  *See Johnson*, 64 Ark. App. at 26, 977 S.W.2d at 906 (holding that "former decisions are of little value" in resolving prescriptive easement questions).  That's not fair to landowners.  Indeed, the law is supposed to disfavor prescriptive easements, *Carson*, 354 Ark. at 625–26, 128 S.W.3d at 426, but that's hardly the case when it's unclear what a landowner must do to protect his rights.  For these reasons, I would grant the petition for

3

review to clarify the law so that landowners understand their rights and how to safeguard them.